## STOCKDALE *vs.* RIDDLE & CO.

1. In appeal cases where the amount in suit is less than twenty dollars, if the warrant is in the name of a firm as plaintiffs, not setting out the individual names of the partners, plaintiffs may introduce proof of their individual names, in order that they may be set out in the judgment entry.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. EZEKIEL PICKENS.

George M. Riddle & Co. sued the plaintiff in error before a justice of the peace, on an open account for a sum less than twenty dollars, and recovered a judgment. The defendant appealed to the Circuit Court; and on the trial in that court, no statement having been filed, plaintiffs offered evidence to show that the firm of Geo. M. Riddle & Co. was composed of George M. Riddle and Elias B. McClellan. Defendant objected to this evidence, but the court overruled his objection; and a verdict having been rendered in favor of the plaintiffs, a judgment was rendered in their joint names as partners.

The warrant issued by the justice is in the name of G. M. Riddle & Co., and the individual names of the partners composing the firm are no where stated.

The overruling of the objection to the evidence, and rendering judgment in the names of the partners jointly, are now assigned for error.

RICE & MORGAN, for plaintiff in error.

N. W. SHELLY and L. E. PARSONS, *contra.*

GOLDTHWAITE, J.—The principle involved in the present case is identical with the case of Snow & Co. v. Ray, 2 Ala. 344, in which case the warrant and the judgment stated the plaintiffs by the name of Charles Snow & Co., the statement in the County Court setting forth the individuals who composed the firm, and the statement was held to be good. In the present case, no statement was required, the amount in controversy being under twenty dollars; and the evidence was properly introduced, in order that the names of the firm might be set out in the judgment.

In the case of James Reid & Co. v. McLeod, 20 Ala. 576, a different doctrine was held, in cases pending in the Circuit Court; but it is not in conflict with the case first cited, which rests upon reasons applicable to proceedings before justices, in which the same strictness is not required as in the higher courts.

The judgment is affirmed.