## Lehman, Durr & Co. *v.* Hudmon Brothers.

*Garnishment on Judgment; Appeal from Justice's Court.*

1. *Appeal from justice's court; how tried.*—On appeal from a judgment rendered by a justice of the peace, his judgment is vacated, the case stand on the process and pleadings, and is triable *de novo* on the merits (Code, §§ 3121–22); and if the sum claimed exceeds twenty dollars, an issue must be made up under the direction of the court, and tried by a jury.

2. *Same; contesting garnishee's answer; tendering issue; judgment by default.*—When the answer of a garnishee, denying an indebtedness,

[Lehman, Durr & Co. v. Hudmon Brothers.]

is contested, and the issue is decided against him by the justice, from whose decision and judgment he takes an appeal; the case stands in the Circuit Court as if there had been no judicial action on the contest, and the plaintiff must tender an issue in writing; and such issue not being tendered, he can not claim a judgment by default.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. H. D. CLAYTON.

The appellees in this case, suing as partners, commenced an action before a justice of the peace, on the 4th of August, 1883, against Lewis S. Driver, claiming $100 due by promissory note; and judgment was rendered, by confession, on the same day. On the 13th November, 1883, plaintiffs sued out a garnishment on this judgment, against Lehman, Durr & Co., a mercantile partnership doing business in the city of Montgomery. The garnishment was duly served, and an answer was filed in the partnership name on the 1st December, denying any indebtedness or liability whatever; and on the same day an affidavit was made by plaintiffs' attorney, contesting the answer. The garnishees afterwards filed two pleas to the jurisdiction, to each of which a demurrer was sustained; and thereupon the justice rendered judgment, on the 5th January, 1884, as follows: "Plaintiffs demur to said pleas, and, after argument, it is considered that said demurrer is well taken, and the same is sustained. Plaintiffs release all interest on said judgment; and after hearing the evidence in the case, and the arguments of counsel, it is considered by the court, that the plaintiffs have and recover of the said garnishees, Lehman, Durr & Co., the sum of $100, for which let execution issue." From this judgment the garnishees sued out an appeal to the Circuit Court; and in that court, on the 29th October, 1884, a judgment by default was rendered against them. This judgment recites the original judgment against Driver, the issue and service of the garnishment, the answer of the garnishees, its contest, and the decision against them; and then adds: "It is therefore considered by the court, that the plaintiffs have judgment for the amount of the indebtedness of said garnishees to said defendant; and because the sum of said indebtedness is uncertain," a writ of inquiry is ordered and executed, and judgment on verdict for $100 rendered against the garnishees. The garnishees appealed from this judgment, and here assigned it as error.

RICE & WILEY, for appellants.

L. E. PARSONS, Jr., contra.

STONE, C. J.—"Appeals from judgments of justices of

[Lehman, Durr & Co. v. Hudmon Brothers.]

the peace are triable *de novo*, upon their merits, without regard to the judgment of the justice. By the appeal, that judgment is vacated, and ceases to have any force or effect, either as an estoppel, or as matter of evidence. The judgment of the justice is not reversed or affirmed, but a new, distinct and independent judgment, as may be required by the merits shown on the trial, is rendered by the City or Circuit Court."—*Abraham v. Alford*, 64 Ala. 281; *Littleton v. Clayton*, 77 Ala. 571; Code of 1876, § 3121.

When this case was appealed from the justice's to the Circuit Court, the judgment of the justice was thereby vacated; and the case stood in the higher court on the process and pleadings, without judicial action upon them, precisely as it would have stood at that stage of the proceedings, if the case had been instituted in that court in the first instance. There was process of garnishment regularly sued out and served, answer of garnishees denying all indebtedness and liability, and the answer controverted by the oath of plaintiffs' attorney.—Code of 1876, §§ 3683, 3299. There was nothing more.

In the trial before the justice of the peace, the inquiry was, whether or not Lehman, Durr & Co. were indebted to Driver, or had in their possession, or under their control, property or things in action belonging to Driver. The judgment rendered by the justice shows, that indebtedness *vel non* was the inquiry. No formal issue raising that question was required to be joined before the justice.—*Condry v. Henley*, 4 S. & Por. 9; *Stockdale v. Riddle*, 22 Ala. 678. There was, in fact, no written issue made up before the justice. The rule was different, when the case reached the Circuit Court. The sum claimed being in excess of twenty dollars, it was to be tried "upon an issue to be made up under the direction of the court, and tried by a jury.',—Code, § 3122. In forming an issue in this case, the plaintiffs were required to be the actors. On them rested the duty to "allege in what respect the answer [was] untrue." Code, § 3299. Till that allegation was made—and it should have been made in writing—no issue was tendered, and no cause of action was set forth. Till then, the garnishee might stand still, and do nothing. His answer was on file, denying all indebtedness and all liability, and no judgment could be rendered against him on that. True, it was controverted, but that neither made nor tendered an issue. It simply placed the plaintiffs in position where they could tender an issue. They were in no better condition than a plaintiff would be in, who had brought a defendant into court by summons or attachment, but had filed no complaint. They could claim no judgment, for they had set forth no claim to have a judgment.

In ordinary suits for money claimed to be due, the plaintiff

[Bolling v. Smith.]

files his complaint, setting forth his cause of action. A summons is then issued, accompanied with a copy of the complaint, which is served on the defendant. If the defendant fails to appear and defend, judgment by default is taken, with a writ of inquiry, if the suit be not on a writing ascertaining the sum due. Proceedings in garnishment are statutory, and wholly different. If there be an answer admitting indebtedness, judgment is entered on the answer. If the garnishee fails to answer, a conditional judgment may be claimed, and certain regulations are prescribed for having it made absolute. If the garnishee answers, denying indebtedness, the answer may be controverted, an issue formed, and the question of indebtedness *vel non* submitted to a jury. If the issue be determined in favor of the plaintiff in garnishment, judgment is then rendered against the garnishee, not necessarily for the amount he may be found indebted. That depends on the extent of the plaintiff's claim on his own individual debtor; for garnishment is a suit, not for the collection a debt due from the garnishee to the plaintiff. It asserts no such claim. It is a proceeding by which a debtor's dues are attached, and made liable to his debts. Garnishment is a species of attachment. Ordinary judgment by default, and writ of inquiry executed, are not adapted to its administration.

In a case circumstanced as this was, the first step for plaintiff to take was to file his suggestion, or complaint, alleging in what respect the answer was untrue. On this the garnishee could have joined issue, or he could, possibly, have made other defense. Whether he did or not, the *onus* was still on the plaintiff of making out his case; for the statute makes no provision for a judgment by default.

Reversed and remanded.