# Kirby *v.* Spiller.

*Action on Promissory Note, by Payee against Makers.*

1.  *Pleas available to one or more of several defendants.*—In an action against the several makers of a promissory note, or other joint contractors, no defense can be sustained as to a part of them only, unless it is of the class called personal ; and set-off, recoupment, and failure of consideration, are not such personal defenses.

2.  *Same; case at bar.*—In an action against the six joint makers of a promissory note, given on a purchase of an interest in a steamboat by two of them, the others being sureties for them ; the sureties and one of the principals can not, without the other, plead fraud and misrepresentations by the seller (who was the payee), either as set-off, by way of recoupment, or as failure of consideration.


APPEAL from the Circuit Court of Marshall,
Tried before the Hon. JAMES AIKEN.

31

[Kirby v. Spiller.]

HAMILL, LUSK & BELL, for appellants, cited Bouvier's Dictionary, tit. *Recoupment;* 7 Wait's Actions & Defenses, 545; 5 *Ib.* 625; Waterman on Set-off, §§ 430, 446; 2 Benj. on Sales, 829, 1159; *Eagan Co. v. Johnson,* 82 Ala. 233.

W. L. MARTIN, *contra,* cited 1 South. Damages, 272; Waterman on Set-off, § 22; 3 Brick. Digest, 710, §§ 10, 14; Story on Partnership, 195–6; 1 Lindley on Partnership. 195–6.

STONE, C. J.—The present case is very peculiar in its aspects. Three persons, Spiller, Kirby and Samuel, were joint and equal owners of a steamboat. Spiller sold his one-third interest to his fellow owners, Kirby and Samuel, at the agreed price of one thousand dollars—one hundred dollars cash, and the residue secured by two notes; Kirby and Samuel, the purchasers, being principals, and four others, sureties, signing with them—all as joint makers. This suit was instituted against the six co-makers, for the recovery of the sum secured by the notes. Kirby and the four sureties united in making defense, and pleaded in recoupment, as follows: That Spiller had had the control and manage-ment of the steamboat, and knew the financial condition of the joint enterprise; that he represented to Kirby that it was then making money; that, ignorant of the true state of the case, and trusting such representations as true, he, Kirby, had entered into the purchase, and united in making the notes; that the representations were false; that in fact the boat was ruinously insolvent, and had been since sold in pay-ment of its liabilities. The plea claims the right to recoup to the extent of one thousand dollars, suffered by the fraud. The same facts were pleaded by the same defendants in set-off, and they also pleaded a failure of consideration. Samuel, though jointly sued with the others, did not unite in this defense.

As we understand the defense attempted to be made, it was peculiar to Kirby, while Samuel could not defend on alleged want of knowledge of the boat's financial condition. The misrepresentation and deceit of which Kirby complains, could not be, and hence were not, relied on in exoneration of Samuel. Both the pleadings and the arguments of counsel prove this to have been the true character of the defense set up. Kirby pleaded for himself, and the four common sure-ties united with him in alleging fraud on him, Kirby.

Samuel did not plead, and it is not pretended any fraud was perpetrated on him. The pleas setting up this defense were demurred to, and the trial court sustained the demurrer.

In actions at law, prosecuted against several joint contractors, no defense which does not go to the equal defense of all can be maintained, unless it be of the class called personal. Infancy, coverture, *non est factum*, discharge in bankruptcy, and some others, are classed as personal defenses, and not only may, but must be separately pleaded. As to the defense attempted in this case, it must be available to all alike—must be in total or partial bar of the entire action. The reason is obvious. Only one judgment can be rendered—a money judgment for the plaintiff, a general judgment for all the defendants, or a balance certified in their favor, and a judgment therefor in favor of all of them. To allow a judgment against different defendants, for different amounts, would be to split up one joint action, founded on one and the same contract, into several distinct recoveries. Courts of common law, by reason of their established methods, are incapable of thus moulding the relief they administer. To test the question: Let it be supposed that, in this case, it should be found that Samuel had not been defrauded, and was therefore liable for the whole amount of the claim sued for; that Kirby had been defrauded, and was entitled to recoup, or set-off to the extent of one-half the notes; what judgment or judgments could be rendered? And what judgment should be rendered against the sureties, who had made themselves equally bound for Samuel's default, and for Kirby's? It is no answer to this, that Kirby claims the right to recoup for the entire amount claimed, and therefore, if he make his defense good, no judgment will be rendered against him. The rule, to be susceptible of administration, must be alike applicable to partial and to total recoupment. Otherwise, all the labor and strain of a trial must be gone through with, before it can be known whether the defense is total or partial, and, therefore, whether or not the court has jurisdiction to entertain it.

Neither recoupment, set-off, nor failure of consideration, is available as a defense for Kirby, under the circumstances shown in this record, and the Circuit Court did not err in its rulings on the demurrers. If Kirby is entitled to any redress for the misrepresentation and deceit he complains of, he must seek it in a separate action.

Affirmed.