# Nelson *v.* Larmer.

*Action on Promissory Note, by Assignee against Maker.*

1. *Trial by court without jury; revision of judgment on appeal* —On appeal from a judgment rendered by the City Court of Anniston, in a case which was submitted to the decision of the court without a jury, this court is required to review the finding of the lower court "without any presumption in favor of the court below on the evidence" (Sess. Acts 1888-9, p. 569, § 12); which means, not that when the record furnishes this court with the *data* for reaching a satisfactory conclusion as to the facts in dispute, the circumstance that a different conclusion was reached by the lower court is not to be permitted to affect the decision on appeal, but that this court is to consider the case as if the evidence set out in the record had been presented to the lower court in just the same way, giving no weight whatever to the fact that the lower court had the witnesses before it, and could observe their manner, demeanor, &c.; yet, on a second trial after a reversal, the evidence being the same as before, it may become the duty of the lower

[Nelson v. Larmer.]

court to render the same decision as before, at the risk of a second reversal.

2. *Burden of proof as to payment, in action on note.*—In an action on a promissory note, the only plea being payment, the production of the note makes out a *prima facie* case for the plaintiff; and the evidence as to payment being evenly balanced, he is entitled to a verdict.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

Action by Frank Nelson against S. G. Larmer, founded on defendant's promissory note for $100, payable to J. S. Blackburn, and indorsed by him to plaintiff. Plea, payment. Trial by court, without jury. Judgment for defendant. Exception and appeal by plaintiff.

KELLY & SMITH, for appellant.

KING & CARTHEL, *contra.*

WALKER, J.—This case was tried in the City Court without a jury. The controlling question in the case is one of fact. The appeal presents for review the finding on testimony given *viva voce*, in the presence of the trial court. The action is on a negotiable promissory note made by the appellee and payable to the order of one Blackburn, who indorsed and delivered it before its maturity to the appellant. The evidence showed without conflict that the appellant received the note in place of a draft for the same amount which had been drawn by Blackburn on the appellee in favor of the appellant, and with the understanding that, if that draft was paid, the note was paid, as it evidenced the same debt. Now, Blackburn had drawn two drafts on the appellee in favor of the appellant, one on November 10th, and the other on November 15th, 1890. The draft of November 10th had been paid; the one of November 15th was not paid. The contention of the appellant was, that the note was received in lieu of the draft which had not been paid. Appellee contended that the note was given in place of the first draft, and as that had been paid the appellant was not entitled to recover on the note which he received with the knowledge and understanding that it evidenced the same debt. Blackburn and the appellant were the only witnesses as to the agreement under which the note was delivered by the former to the latter. Their testimony is in direct conflict. The appellant's version supports his own contention in the case. Blackburn's testimony as fully sustains the position of the appellee. We are unable to dis-

cover any uncontroverted fact in the case which proves the truth of the testimony of one of these two witnesses, or discredits that of the other. The fact that the note was given after the first draft had really been paid raises no presumption that it was transferred in place of the second draft; for, according to the testimony of appellee's witnesses, the maker of the note did not himself know that his banker had paid the first draft, and Blackburn did not know that it had been paid. The result of the case depends upon which of the two conflicting versions of the disputed transaction is to be credited.

Under the provision of the "act to establish the City Court of Anniston," we are required to review the finding of that court on the evidence, when properly presented, "without any presumption in favor of the court below on the evidence."—Acts of Ala. 1888–89, p. 569, § 12. This provision displaces the rule, which would prevail in the absence of it, that a finding of fact by the trial court, acting without a jury, on the oral testimony of witnesses who are examined in its presence, when the law authorizes the disputed question of fact to be tried in that mode, should not be reversed on appeal, unless it is so manifestly against the evidence that a judge at *nisi prius* would set aside the verdict of a jury, rendered on the same testimony.—*Nooe v. Garner*, 70 Ala. 443; *Cobb v. Malone*, 92 Ala. 635.

It appears to the writer that the provision of the statute against indulging any presumption in favor of the finding of the trial court could not have been intended to mean any more than this, that if the record furnishes the revising tribunal with the *data* for reaching a satisfactory conclusion as to the facts in dispute, the circumstance that a different conclusion was reached by the lower court is not to be permitted to affect the result on appeal. When, however, the conclusion to be reached from the evidence must be determined by circumstances which could be given their due weight by the trial court, but which are not, and can not be disclosed by the record, then the finding of the trial court must be treated as correct, as the means of reaching a satisfactory conclusion to the contrary are not available on appeal. Such is the case when the evidence as to a disputed fact is the testimony of two witnesses who directly contradict each other, and the other evidence in the case no more corroborates the statements of one than of the other. Such conflicting statements, when reduced to writing, seem to balance each other. But one who has the advantage of seeing the witnesses as they deliver their testimony may be

[Nelson v. Larmer.]

fully justified in crediting the statements of the one, and rejecting those of the other as unworthy of belief. The weight to be given to oral testimony largely depends upon whether the appearance and general bearing of the witness beget confidence or mistrust. When the evidence in the case is in such conflict, and is so evenly balanced, that the conclusion to be reached would naturally depend upon the impressions made by the several witnesses on one who saw and heard them testify, it seems to the writer that the revisory court, which is denied the opportunity of giving due weight to such considerations, should abstain from disturbing the finding of the primary court, as the record does not satisfactorily show that its conclusion on the evidence was wrong.

The other members of the court, however, are of opinion that, under the statute in question, we are not permitted to give any weight at all to the circumstance that the trial court had the advantage of testing the value of the statements of the several witnesses by observing their appearance, their demeanor on the stand, and their manner of delivering their testimony; and that we must consider the evidence as reduced to writing and presented in the record, just as if it had been presented to the trial court in the same way. Under this construction of the statute, it can not be denied that the appellate court, in coming to a different conclusion on the evidence as presented in the record from that reached by the trial court, with the witnesses in person before it, must often do so when it is fully conscious that in all probability the conclusion of the trial court was right. It is not the fault of the court that valid legislation may lead to such unreasonable results. It is the province of the legislature to provide against such evils. In giving to the statute a construction involving such results I have reluctantly yielded my views to those of the other members of the court.

In the present case, the proof of the note made out a *prima facie* case for the plaintiff. The defendant relying on payment, the burden was on him to prove this affirmative defense. The evidence standing evenly balanced, as above noted, on this turning issue in the case, we are unable to arrive at a satisfactory conclusion from the record that the defendant has discharged the burden upon him. The result is that the judgment of the City Court must be reversed.

If the case is tried again on the same evidence, the judge of the City Court may be fully justified and, indeed, in duty bound by the impression made upon him by the witnesses

[Marx v. Nelms.]

testifying in his presence, to accept as true the version given by the plaintiff's witness of the matter in controversy. A mere dread of a reversal should not deter him from resting his conclusion on the testimony which he believes to be true. And yet, when the testimony is again reduced to writing, and presented here for review, the operation of the statute might again force this court to a reversal. It is possible, in such circumstances, that justifiable findings by the trial judge, and unavoidable reversals here, may be indefinitely repeated. It is fair to presume that the legislature, in enacting the provision in question, overlooked the possibility that its practical operation might lead to such a round of absurdities.

Reversed and remanded.