# McAnally v. Hawkins Lumber Campany.

*Action by Material-man to Enforce Statutory Lien.*

1. *Homestead exemption; as against material-man's lien.*—A claim of homestead exemption cannot be asserted against a mechanic's or material-man's lien.

2. *Mechanic's or material-man's lien on separate property of married woman.*—A married woman, under the present statutes regulating her liability (Code,§ § 2341, 2356), may create a valid lien on her property, in favor of a mechanic or material-man, by her own verbal contract, without the assent or concurrence of her husband.

3. *Mechanic's or material-man's lien; plea putting in issue a fact upon which existence of lien depends.*—In an action to enforce a material-man's lien for lumber furnished, a plea denying that the lumber was used in building, improving or repairing on the lot des-

cribed in the complaint, is good, under the statute (Code, § 3034), providing, that "any defendant, by appropriate plea, may put in issue the fact of indebtedness, or the existence of the lien, or both," *etc.*, as such plea puts in issue a fact upon which 'the existence of the lien depends.

4. *Trial by court without jury; revision of finding on appeal.*— On appeal from a judgment in a case which was tried in the court below, without a jury, a finding of fact by the trial-court will not be disturbed where the evidence was conflicting, and it does not appear that such finding was plainly erroneous.

5. *Personal judgment against a married woman in action to en-force material-man's lien.*—In an action by a material man against a married woman to enforce a lien upon her property for the price of material furnished, and, also, for a personal judgment against her, a plea of *coverture* is a bar to a personal money judgment against her where there was no written contract by her, executed under and according to the provisions of the statute (Code, § 2346).

6. *Variance between pleading and proof.*—In an action against two persons on a joint contract alleged to have been made by them with the plaintiff, proof of a contract made by only one of the defendants, will not support a judgment against either of them.

7. *Mechanic's or material-man's lien does not cover attorney's fee.* —In a suit to enforce a material-man's lien, the plaintiff is not enti-tled to a lien for the amount of his attorney's fee.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This was an action by Harry Hawkins and John Haw-kins, partners composing the firm of Hawkins Lumber Company, against Patrick McAnally and Catherine Mc Anally. The complaint claimed $58,39 due for material furnished by the plaintiff at the request of the defend-ants, which was used in building and improving certain houses on block 458 in the city of Birmingham; and, also, a lien on said lot and buildings for the sum sued for, and the further sum of $25, as an attorney's fee. The defendants pleaded the general issue, and the fol-lowing special pleas, as stated in the abstract "(2) Plea by both defendants, that the premises upon which plain-tiffs claim a lien was at the time said material was fur-nished, and still is, the homestead of defendants, and not subject to said lien. (3) Plea by Catherine Mc Anally, that at the time said materials were furnished by plaintiffs she was, and still is, a married woman, the wife of Patrick McAnally; that said premises were then and are now her separate property; that she did not

[McAnally v. Hawkins Lumber Co.]

authorize said Patrick McAnally to purchase or use said lumber upon said property, but the same was done without any authority from her, and without her knowledge or consent, and that she has never since ratified said purchase, or promised to pay for said material. (4) Plea by Catharine McAnally, that the said lumber was not used in the building, improving or repairing on said block 458, city of Birmingham. (5) Plea by Catherine McAnally, that said defendant did not purchase said lumber; nor was it furnished at her request or by her authority, but was furnished and used, without her knowledge or consent, while she was absent from home; that she never at any time since ratified such purchase, or agreed to pay for the same or any part thereof, and that said block upon which said lien is claimed is her ·sole property, and not the property of her co-defendant, Patrick McAnally." The Plaintiffs demurred to the second plea, on the grounds, (1) that the facts alleged are not sufficient to prevent either a personal judgment against defendants, or a lien on said property; and (2) because defendants rely in said plea upon the fact that said property is their homestead, which fact is not sufficient to deny the lien of plaintiffs. The plaintiffs demurred to the third and fifth pleas, on the grounds, (1) that said pleas do not aver that Catherine McAnally did not ratify the purchase of the lumber and material by her husband, and (2) that said pleas do not aver that said Catherine McAnally gave the plaintiffs. written notice not to furnish said lumber and material. The demurrer to the second plea was sustained, and the demurrers to the third and fifth pleas were overruled. A motion of the plaintiffs to strike the fourth plea from the file, because the averments thereof are available under the general issue, was sustained. The case was tried by the court, without the intervention of a jury. It was agreed that notice of intention to claim and file lien was given as required by law, and it was proved by the plaintiffs that a claim for a lien on the land described in the complaint was duly filed and recorded. It was agreed that $15, would be a reasonable attorney's fee for plaintiffs, if they were entitled to recover. Judgment was rendered in favor of the defendant Patrick McAnally, and in favor of the plaintiffs against Catherine McAnally, for the sum of $81,50, and declaring

[McAnally v. Hawkins Lumber Co.]

a lien for this amount on the premises described in the complaint. To this rendition of this judgment the defendant Catherine McAnally duly excepted. She appeals. Other material facts are stated in the opinion

C. B.. POWELL and J. G. CREWS, for appellant, cited *Gamble v. Kellum*, 97 Ala. 677 ; *Kirby v. Spiller*, 83 Ala. 481 ; *Cobb v. Keith*, 18 So. Rep.; *Davidson v. Lamer*, 51 Ala. 318 ; *Weil v. Pope*, 53 Ala. 585 ; *Wadsworth v. Hodge*, 88 Ala. 500 ; *Hawkins Lumber Co., v. Brown*, 100 Ala. 217 ; *Randolph v. Builders' and Painters Supply Co.*, 17 So. Rep. 721.

JOHN H. MILLER, *contra*, cited *Newbold v. Smart*, 67 Ala. 326 ; *Ross v. Perry*, 16 So. Rep. 915 ; *Redmond v.* *Williamson*, 2 Iowa, 488 ; Phillips on Mechanics' Liens, § 453 ; *May v. State*, 55 Ala. 164 ; 61 Ala. 30 ; 69 Ala. 332 ; 79 Ala. 133 ; 90 Ala. 527 ; *Schmidt v. Joseph*, 65 Ala. 475 ; *Nelson v. Larmer*, 95 Ala. 300 : *Woodrow v. Howving*, 16 So. Rep. 720.

HARALSON, J.—There was no error in sustaining a demurrer to the second plea. A claim of homestead exemption cannot be asserted against a mechanic's or material. man's lien, whether the lien be created by contract, or arise under statutory provisions, (*Tyler v. Jewett*,, 82 Ala. 93 ; Code §§ 2509, 3010, 3046) ; and a married woman, under the present statutes, regulating her liability (Code, §§ 2341–2356), may create a valid lien on her property, in favor of a mechanic or material man, by her own verbal contract, without the assent or concurrence of her husband.—*Cutliff v. McAnally*, 88 Ala. 507 ; *Wadsworth v. Hodge*, 88 Ala. 500.

There was error in striking out, on a general motion, the fourth plea, even if it was not sufficient. It was not frivolous on its face. Such a motion gives the plaintiff no sufficient notice of what the objections to the plea are, and no opportunity to meet them by amendment. Demurrer is the proper practice.—*Lindsay v. Morris*, 100 Ala. 550 ; *Highland Avenue & Belt R. Co. v. Dusenberry*, 94 Ala. 419; *Powell v. Crawford*, Mss. The plea, however, was a good one. It was interposed by the defendant, Catherine McAnally. It put in issue a fact upon which the existence of the lien depended, in that it de-

nied that the lumber was used in building, improving
or repairing on the lot described in the complaint. Sec-
tion 3034 of the Code provides, that "any defendant, by
appropriate plea, may put in issue the fact of indebted-
ness, or the existence of the lien, or both, and may in-
terpose any other defense applicable to the suit." If,
on trial, it be ascertained that the plaintiff has a lien as
claimed, judgment shall be rendered for the amount se-
cured thereby, interest and costs, against the party lia-
ble for the same, and also establishing the lien and con-
demning the property to sale for its satisfaction ; "but
if the finding or verdict is for the plaintiff only on the
issue of indebtedness, a judgment shall be rendered in
his favor for the amount thereof, as in other cases."

On the issue as to whether the materials furnished
were used on the lot described in the complaint, we are
indisposed to differ with the court on its finding. There
was evidence on both sides, and we are not prepared to
say that the finding of the court was plainly erroneous.
*Woodrow v. Hawving,* 105 Ala. 240 ; *Nelson v. Larmer,*
95 Ala. 300. This evidence was sufficient, therefore, on
which to declare a lien on the lot, for the value of the
materials so furnished, which was satisfactorily proved.

There was a plea of the coverture of Mrs. McAnally,
interposed by her,—to which a mere general demurrer,
assigning no specific grounds, was overruled,—and there
was no proof of a written contract by her, executed un-
der and according to the provisions of the Code, section
2346. Indeed, the suit, as for a personal judgment, is
against her and her husband, on the common counts, for
the value of the materials furnished, and this plea of
coverture was a bar to a personal money judgment
against her in such form of action, and such a judgment
should not have been rendered against her.— *Wadsworth
v. Hodge,* 88 Ala. 205 ; *Cutliff v. McAnally,* 88 Ala. 507.

The evidence shows a contract, if with any one, not
with defendant P. McAnally, for the price of the ma-
terials furnished. No personal judgment could be ren-
dered against him on the evidence, and the complaint
being made against both defendants for a personal judg-
ment, on a joint contract by them with plaintiffs, no de-
fense which does not go to both defendants as to the con-
tract for the payment of money can be maintained, un-
less it be of the class called personal.— *Cobb v. Keith,* 18

So. Rep. 325 ; *Lee v. Wimberly*, 102 Ala. 539 ; *Gamble v. Kellum*, 97 Ala. 677 ; *Kirby v. Spiller*, 83 Ala. 481.

And, again, this judgment for $81.50 could not have been rendered, without allowing the $15 attorney's fee, the amount shown by the evidence to be reasonable,— but this fee it was not lawful in any event to allow.— *Randolph v. Builders' & Painters' Supply Co.*, 106 Ala. 501.

Reversed and remanded.