No. 11,973.

H. JEWELL DAIGRE AND MRS. M. A. JACK VS. JULIUS LEVIN & CO. AND BLAISE HOOPER.

A petitory action admits defendant's possession.

In a suit of trespass title is only considered incidentally, as fixing the character of the possession. 2 Hennen, Offences and Quasi-offences, II (e 3), No. 4, p. 1057; 4 N. S. 136; 6 L. 559; 2 An. 223; 14 An. 34; 14 An. 732.

A right of action against one as a trespasser is in him who is in possession as owner.

APPEAL from the Tenth Judicial District Court for the Parish of Rapides. *Andrews, J.*

---

*W. H. Jack, H. L. Daigre* and *H. H. White* for Plaintiffs, Appellants.

---

*White & Thornton* for Defendants, Appellees.

---

Argued and submitted December 20, 1895.

Opinion handed down January 20, 1896.

Rehearing refused February 24, 1896.

---

The opinion of the court was delivered by

NICHOLLS, C. J.    Plaintiffs allege that they are owners in indivision, and have been for more than twelve months past in continu-

ous possession of certain property described in their petition. That said property is good pine timber land and that defendants are co-trespassers on the same, and have wrongfully cut and removed by their co-trespassing a great portion of said timber, and still continue to cut and remove said timber, though they have been specially warned not to do so by petitioners. That they are now trespassing and have been so doing since August 1, 1894, well knowing that said lands were not their own, but the property of the plaintiffs, and they have conspired together to cut and haul away, and have cut and have caused to be cut and hauled away to the saw-mill of Levin & Co. or elsewhere, timber to the amount of eight hundred pine trees of a value of two dollars per tree, aggregating the sum of sixteen hundred dollars, and have damaged plaintiffs by said trespass in the further sum of five hundred dollars. They pray that they have judgment against defendants for the sum of twenty-one hundred dollars—sixteen hundred dollars for the timber and five hundred dollars for damages, and that they be decreed to be the legal owners of the land, and that they be quieted in their possession of the same. The parties made defendants are Julius Levin & Co., alleged to be a lumber firm, composed of Julius Levin, Jacob Levin, Charles Goldenberg and Augur Seiss, and J. H. Hooper, known as Blaise Hooper.

The defendant, Hooper, filed a general denial, following which he specially denied that plaintiffs are, or ever were, the owners of the land described in plaintiffs' petition, or that they have ever been in possession of the same. He averred that the land belonged in indivision to his minor children, Adelia C., Alice J., Edna C., Paul A. D. and John H. Hooper, to whom it was devised by the late Dr. John Casson, who died in the early part of 1892, in Rapides parish, and that he was placed in possession of the same, as the father of his children, by order of the District Court for Rapides parish, as shown by the records in the succession of John Casson. That John Casson acquired the land by devise from his late wife, Mrs. Adelia Casson, and that Mrs. Casson acquired the same in the year —— by inheritance from her deceased children, the issue of her marriage with her first husband, E. H. Flint, who acquired it by purchase, in 1853, from the Canal Banking Company, of New Orleans, who acquired it, in 1846, in a suit on the docket of the District Court for Rapides parish, entitled Canal Banking Company vs. Lytleton Bailly.

Defendant averred that from 1846 up to the present time his authors and himself, as father of his children, have been the owners of this land in good faith and by a just title, and during all that time have been in continuous, uninterrupted, peaceable, public and unequivocal possession of same, and he pleaded the prescription of ten and thirty years in support of his own and in bar of plaintiffs' title. He further averred that the registry of the conveyances from the sheriff to the Canal Banking Company and from the Canal Banking Company to E. H. Flint were destroyed by the burning of the court house of Rapides parish in 1864. He further averred that, as the father of his said children (minors), the owners of this land, he contracted to sell to Julius Levin & Co. (co-defendants) standing timber thereon for the price of fifty cents per thousand feet stumpage, that being the regular market price for the same, and that under said contract Julius Levin & Co. had cut four hundred and forty-eight trees, aggregating the amount of 277,853 feet of lumber, and in no event could he be held liable for a greater amount. He prayed that the demands of plaintiff be rejected, and that there be judgment decreeing his minor children the owners of said land and quieting them in their possession.

Julius Levin & Co. adopted the allegation of Hooper, and prayed that plaintiffs' demand be rejected.

The court rendered judgment in favor of defendants, Julius Levin & Co. and J. H. Hooper, and J. H. Hooper, called Blaise Hooper, and against the plaintiffs, H. Jewell Daigre and Mrs. M. A. Jack, rejecting plaintiffs' demand. It further ordered, adjudged and decreed that the minor children of J. H. Hooper, viz.: Adelia C., Alice J., Edna C., Nettie E., Paul A. D. and John H. Hooper, were the owners of the land in litigation, and that their father in his capacity of tutor of his said children be quieted in the possession thereof.

Plaintiffs in their brief, referring to defendants' pleadings, say that thereby "they have transformed this suit into a petitory action and assumed the relations of plaintiff in such a proceeding; therefore, in order to defeat the plaintiffs' demand for damages, it devolves on them to make good their pretentions over plaintiffs' authentic and recorded deed by preponderance of proof." Citing Clarkson vs. Vincent, 32 An. 613; Gay vs. Ellis, 33 An. 249; Millaudon vs. McDonogh, 18 La. 103; Cross on Pleadings, 219 and 220; Code of Practice, Art. 44.

Plaintiffs, in their petition aver that for more than twelve months prior to the institution of the suit they had been in continuous possession of the property referred to therein, and that Julius Levin & Co. and J. H. Hooper had trespassed upon the same by cutting and carrying away timber. These parties are made defendants on a moneyed demand for twenty-one hundred dollars' damages, Hooper being made a defendant, not as tutor of his minor children, but individually. In Hooper's answer, so far from claiming either ownership or possessing in himself individually, he disclaimed both, and affirmatively stated that the ownership of the property was in his minor children; that they were in possession of the same through him as their tutor under decree of court.

Neither the plaintiffs nor defendants, therefore, admit Hooper's possession of the same. Plaintiffs deny it absolutely, and defendant asserts possession in Hooper for his minor children as tutor, in which capacity he is not a party to the suit. Under such circumstances the action is evidently not a petitory one. The question of ownership can not be passed upon and determined in this suit. If it were true, as plaintiffs claim, that they have been in continuous possession of the property, and that defendant, Hooper, has been out of possession, he, as being charged with trespass, would not be permitted to justify by setting up title to himself. It would be an improper issue in the case. If title were considered in such a suit it would only be considered incidentally as fixing the character of the possession. II Hen.: 3) No. 4, p. 1057; Davis vs. Taylor, 4 N. S. 136; Peytavin vs. Winter, 6 La. 659; LeBlanc vs. Nolan, 2 An. 223; McCulloch vs. Weaver, 14 An. 34; Gardiner vs. Thibodeau, 14 An. 732. We are of the opinion plaintiffs' allegation as to possession being in themselves is not only not borne out, but that it has been established beyond question that this property has, for many years, been in possession of the defendants' children, and those under whom they claim. If defendants were trespassers the right of action against them as such would lie, not in the plaintiffs, but in the parties in possession as owners. Possession in the children held adversely to plaintiffs defeats plaintiffs' action of trespass. In order that plaintiffs should settle claims of ownership to this property they will have to advance them in a direct petitory action directed against the defendants in possession. A petitory action admits defendants' possession. If the plaintiffs had been in

actual possession of this property for years under claim of ownership, and had, while so in possession, cut and disposed of timber upon the same, they would scarcely admit that defendant Hooper could either individually or as tutor, by charging them with being trespassers, and praying damages against them as such, drive them in defence to an establishment of their title. They would have the right to stand upon their possession and the legal rights flowing from it. They would be entitled to be considered provisionally as owners. C. C. 3454. That which they could successfully have resisted as defendants they can not successfully advance as plaintiffs.

We are of the opinion that in rejecting plaintiffs' demand the judgment was correct, and it is affirmed.