115 So.2d 258

**DEARBORN STOVE CO.**

v.

**J. L. DEAN.**

4 Div. 973.

Supreme Court of Alabama.

Sept. 17, 1959.

L. A. Farmer and H. K. & J. F. Martin, Dothan, for petitioner.

W. G. Hardwick, Dothan, opposed.

GOODWYN, Justice.

We granted certiorari to review the opinion and decision of the Court of Appeals in Dearborn Stove Co. v. Dean, formerly doing business as D. & D. Transportation Co., 115 So.2d 253.

 The Court of Appeals dismissed the appeal ex mero motu. Such action was based on the fact that the appeal was not brought within thirty days after final judgment, as provided for in § 1074, Tit. 7, Code 1940. The question before us is whether the appeal is controlled by that section or by § 788, Tit. 7, which authorizes appeals within six months after final judgment. The appeal was taken within six months. Our conclusion is that § 788 controls and that dismissal of the appeal was error.

Dearborn brought an action in assumpsit against Dean in the law and equity court of Houston County. Judgment by default was there rendered against Dean. Dean did not appeal to the circuit court within the five days allowed by the act creating said court. See Act No. 315, § 9, appvd. Aug. 13, 1947, Loc.Acts 1947, pp. 226, 230 (Act No. 315 was amended in several respects by Act

No. 208, appvd. July 12, 1949, Gen. and Loc. Acts 1949, p. 295, but not § 9); Code 1940, Tit. 13, Art. 6 of Chap. 8, § 477.

The case was brought to the circuit court by statutory certiorari and there tried de novo, pursuant to §§ 478 and 484, Tit. 13, Code 1940.

Section 9 of Act No. 315 provides, in pertinent part, as follows:

"Section 9. Appeals. Any party aggrieved by a judgment, order, or ruling of the court may appeal the decision as herein provided. 1. If the case is a civil case in the law division of the court, the appeal lies to the circuit court and shall be governed by Article 6 of Chapter 8, Title 13 of the 1940 Code, or to the Court of Appeals and shall be governed by Article 1 of Chapter 3, Title 13 of the 1940 Code. * *."

"Article 6 of Chapter 8, Title 13 of the 1940 Code" deals with appeals from judgments before justices of the peace or courts of like jurisdiction to the circuit court. Article 6 consists of §§ 477 through 492.

Section 477 authorizes an appeal "at any time within five days after the rendition" of a judgment.

Section 478 provides as follows:

"Unless otherwise provided, no cause can be carried from a justice's court to the circuit or other court of like jurisdiction by appeal or certiorari, unless the party applying for such appeal or certiorari first executes bond, with sufficient sureties, payable to the adverse party, with condition to pay such judgment as may be rendered against him by the court to which the cause is sought to be removed; and no cause can be removed from a justice's court after six months from the rendition of the judgment, by certiorari."

Section 484 provides that "cases brought by appeal or certiorari from judgments of justices of the peace * * * must be tried de novo * * *."

Section 1074, Tit. 7, provides for appeals from final judgments of circuit courts in certiorari proceedings (and also in proceedings involving other remedial writs of a supervisory nature) within thirty days after rendition of such judgments. The Court of Appeals' theory in dismissing the appeal is that since the case was brought to the circuit court by certiorari the appeal from the final judgment there rendered was controlled by § 1074 and should have been brought within thirty days.

█ There is a clear distinction between a certiorari proceeding in the circuit court to review a proceeding had before an inferior body and a certiorari proceeding bringing a case from a justice of the peace court to the circuit court for a trial de novo. In the first instance the circuit court reviews the action of the inferior body and renders a judgment of affirmance or reversal. It is in those cases that § 1074 applies. See White Way Pure Milk Co. v. Alabama State Milk Control Board, 265 Ala. 660, 662, 663, 93 So.2d 509. In the other instance certiorari is simply an alternate means provided by statute for bringing a case to the circuit court, where it is tried anew just as though it had never been tried before. When brought to the circuit court by certiorari it is disposed of in the same manner as if it had been brought there by appeal. In other words, this statutory certiorari "is nothing more nor less than appeal by indirection." Smith v. Atlanta Guano Co., 132 Ala. 586, 587, 31 So. 490; Ex parte McDanal, 32 Ala.App. 445, 447, 448, 27 So.2d 504, certiorari denied 248 Ala. 273, 27 So.2d 507. No trace of certiorari remains once the case gets to the circuit court for a trial de novo. An entirely new judgment is there rendered. Appeals from such judgments are controlled by § 788 and not by § 1074.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY and MERRILL, JJ., concur.