239 So.2d 215

**ALABAMA EQUITY CORPORATION,**
a Corporation

v.

**Albert F. HALL.**
6 Div. 19, 19–A.

Court of Civil Appeals of Alabama.
April 1, 1970.

Rehearing Denied June 24, 1970.

Nicholson, Forstman & Howard, Birmingham, for appellant.

Duncan Y. Manley and Rives, Peterson, Pettus, Conway & Burge, Birmingham, for appellee.

BRADLEY, Judge.

The plaintiff-appellee, Albert F. Hall, brought two actions in the Civil Court of Jefferson County, Alabama against J. E. Burke, Jr. and Alabama Equity Corporation, jointly, for money received by the defendants to his use.

The two cases were tried jointly on August 30, 1968, and judgment was entered against Alabama Equity Corporation in the amount of $3000.00 in one case and $500.00 in the other case. The court also entered a judgment in favor of the other defendant, Burke. The motions for new trial filed by the defendant, Alabama Equity Corpora-tion, were overruled. These two cases were then appealed to the Circuit Court of Jefferson County, Alabama, for a trial de novo.

Prior to the filing of any pleadings in the Circuit Court, appellant-defendant filed a Motion in Arrest of Judgment and a Plea in Abatement. The grounds of each of these pleadings alleged a variance between the pleadings and the proof in the lower court. Both of said pleadings were over-ruled. Thereupon, the appellee-plaintiff re-filed his original complaint and the appel-lant-defendant filed a plea in short by consent.

The case was tried before the court and a jury, and a verdict was returned in both cases against the appellant-defendant, Ala-bama Equity Corporation, in the amounts hereinabove mentioned. The appellant-de-fendant then filed a Motion Non Obstante Veredicto in each case, which was over-ruled. The appellant-defendant then filed a Motion in Arrest of Judgment in each case, and these motions were also over-ruled.

The Circuit Court then entered judg-ment on the verdicts as rendered.

There were four assignments of error as amended filed with the record on appeal.

Amended assignments of error one and two relate to the overruling of the Motion in Arrest of Judgment and the Plea in Abatement; both filed in the Circuit Court prior to the filing of any pleadings therein, and both raising matters that occur-red in the Civil Court of Jefferson County, Alabama.

The alleged error, so says appellant, re-sulted when the proof showed that the con-tract was made with Alabama Equity Cor-poration, rather than with J. E. Burke and Alabama Equity Corporation, jointly, as had been alleged in the complaint. This, as contended by appellant, was a fatal vari-ance rendering the judgment void.

Appellee contends that appellant waived the right to insist on the supposed error

when the case was appealed to the Circuit Court to be tried de novo. His argument is that if the judgment of the inferior court is appealed for a trial de novo, all errors in said court are waived. If, however, the inferior court judgment is reviewed by common law writ of certiorari in the Circuit Court, errors committed in the inferior court are not waived.

The Civil Court of Jefferson County, Alabama, was created by Act No. 96, Acts of Alabama 1965, p. 131.

Portions of said Act, supra, pertinent to this inquiry, are as follows:

"Section 2. There is hereby established an Inferior Court in Jefferson County, Alabama which shall be known as Civil Court of Jefferson County hereinafter referred to as this Court. This Court shall be a Court of Record and shall have concurrent jurisdiction with the Circuit Court, Tenth Judicial Circuit of Alabama, Birmingham Division, sitting at Birmingham, and similar jurisdiction in precinct 53, which may lie outside the present jurisdiction of the said Circuit Court of the Tenth Judicial Circuit of Alabama, Birmingham Division, in all cases where the amount in controversy exceeds the sum of One Hundred Dollars ($100.00) and does not exceed the sum of Three Thousand Dollars ($3,000.00); * * *

"Section 3. The practice and procedure in this Court shall be governed by the laws applicable to practice and procedure in Circuit Courts, except that each averment of a pleading shall be simple, concise and direct. * * *

* * * * * *
"Section 5. This Court shall have jurisdiction of civil actions only and shall have no jurisdiction in equity * * *.

* * * * * *
"Section 8. All cases in this Court shall be tried by a Judge of said Court without the intervention of a jury, the Judge determining both the law and the facts; and any party shall have the right to appeal to the Circuit Court within ten days from entry of any final judgment and, on appeal, any party may demand a trial by jury. A demand for a jury trial must be made in writing and filed in the cause by the party suing out the appeal at the time such appeal is filed; any other party or appellee may demand a trial by jury in writing filed in the cause within ten days after he has been served with the notice of an appeal. The trial in Circuit Court shall be de novo, following the same provisions as to pleading and procedure, as set forth herein for proceedings in this Court. * * *

"Within six months from the entry of a final judgment in a case, any party may petition the Circuit Court for writ of certiorari from said judgment and, for good cause shown, such writ of certiorari may be granted by a Circuit Judge, and a trial de novo had in Circuit Court, * *. A demand for a jury trial must be made in writing and filed in the cause by the petitioner for the writ of certiorari at the time said writ is granted. Any other party may demand a trial by jury in writing filed in the cause within ten days after he has been served with notice of the granting of the writ of certiorari."

Appellant, in reply, says that since the Civil Court of Jefferson County and the Circuit Court of Jefferson County, Alabama, have concurrent jurisdiction, and the practice and procedure of the Civil Court is governed by the laws applicable to the Circuit Court, the laws pertaining to justice of the peace courts do not apply to the Civil Court. Appellant says also that the judgment of the Civil Court was void as a result of the fatal variance between pleading and proof; hence, nothing was presented to the Circuit Court to be tried de novo. We disagree with appellant's theory of this aspect of the case.

The Motion in Arrest of Judgment and Plea in Abatement were filed in the Circuit Court, not in the Civil Court of Jefferson County; and the grounds therefor

alleged errors committed in the Civil Court, not the Circuit Court.

Once an appeal is taken to the Circuit Court for a trial de novo, all errors committed in the inferior court are deemed to have been waived.

The Act with which we are here concerned—Act No. 96, supra—provides for: (1) an appeal with trial de novo; and (2) certiorari with trial de novo. The appellee, in his argument, relies on the case of Dearborn Stove Company v. Dean, 269 Ala. 561, 115 So.2d 258, for the proposition that if an appeal is taken, all errors of the inferior court are waived, but if a writ of certiorari is granted, then the reviewing court makes a final adjudication, i. e., the errors of the inferior court are waived. Although we do not believe the cited case exactly supports that proposition, we do think it is applicable to the case at bar. The Supreme Court in *Dearborn,* supra, distinguished common law certiorari and statutory certiorari. In the latter a new trial is had de novo while in the former the reviewing court renders judgment on the lower court's decision.

The court in *Dearborn,* supra, had the following to say about statutory certiorari:

"* * * statutory certiorari is nothing more than an appeal by indirection."

The Supreme Court, in Lehman v. Hudmon, 79 Ala. 532, a case involving an appeal from a justice of the peace court to the Circuit Court had the following to say:

"'Appeals from judgments of justices of the peace are triable de novo, upon their merits, without regard to the judgment of the justice. By the appeal, that judgment is vacated, and ceases to have any force or effect, either as an estoppel, or as matter of evidence. The judgment of the justice is not reversed or affirmed, but a new, distinct and independent judgment, as may be required by the merits

shown on the trial is rendered by the City or Circuit Court.' (Cases cited).

"When this case was appealed from the Justice's to the Circuit Court, the judgment of the justice was thereby vacated; *and the case stood in the higher court on the process and pleadings, without judicial action upon them, precisely as it would have stood at that stage of the proceedings, if the case had been instituted in that court in the first instance."* (Emphasis supplied.)

The Supreme Court went further in *Dearborn,* supra, and said:

"In the other instance certiorari is simply an alternate means provided by statute for bringing a case to the circuit court, where it is tried anew just as though it had never been tried before. *When brought to the circuit court by certiorari it is disposed of in the same manner as if it had been brought there by appeal.* * · * * (cases cited). *No trace of certiorari remains once the case gets to the circuit court for a trial de novo. An entirely new judgment is there rendered."* (Emphasis supplied.)

Black's Law Dictionary, Fourth Ed., 1951, defines trial de novo as:

"A new trial or trial had in an Appellate Court in which the whole case is gone into as if no trial whatever had been had in the court below."

It is our opinion that the method used to transfer the case to the Circuit Court, either by appeal or statutory certiorari, was immaterial; after the case was filed in the Circuit Court for trial de novo, all errors committed in the Civil Court were waived.

We are also of the opinion that appellant's argument that the Civil Court judgment was void and therefore could not support an appeal for trial de novo is without merit for the reasons above stated.

Amended assignments of error three and four relate to the Circuit Court's action

in overruling the Motion for Judgment Non Obstante Veredicto and Motion in Arrest of Judgment.

Each motion contained four grounds, three of which pertain to the judgment rendered by the Civil Court; therefore, for the reasons stated in assignments of error one and two, only that ground which relates to the Circuit Court judgment will be considered.

The first ground—and the only one we are considering—of the Motion for Judgment Non Obstante Veredicto and the Motion in Arrest of Judgment, is as follows:

"That the said plaintiff brought suit on a contract against two defendants and recovered judgment against only one, wherefore plaintiff cannot recover in this cause of action."

In City of Birmingham v. Andrews, 222 Ala. 362, 132 So. 877, the Supreme Court said:

"And defendant is entitled to an arrest of judgment or one non obstante veredicto only when the verdict for plaintiff was surely upon a count which did not state a substantial cause of action."

Accord: Jim Walter Corp. v. Green, 280 Ala. 272, 192 So.2d 724, and Shirley v. Shirley, 261 Ala. 100, 73 So.2d 77.

Although we think there was a variance between the allegations of the complaint filed in the Circuit Court and the proof offered in support thereof, we can perceive of no way in which this circumstance could affect the sufficiency of the complaint. Moreover, the two motions in issue here were not directed to the insufficiency of the pleading, as they must have been to be valid, but were directed to a failure of proof.

We are of the opinion that the Circuit Court did not commit error in overruling the motion for judgment non obstante veredicto and the motion in arrest of judgment for the reason that as to the movant, the complaint was sufficient.

There being no error in the record of this case, it is affirmed.

Affirmed.

## On Rehearing

Appellant, in its application for rehearing, contends that this court, in its opinion, committed error in four ways: (1) by holding that a judgment non obstante veredicto or an arrest of judgment will only issue where the verdict was on a count which did not state a substantial cause of action; (2) by holding that a variance between the pleading and proof could not be raised by either a motion for judgment non obstante veredicto or motion for an arrest of judgment in the case at bar; (3) by holding that an appeal to the circuit court from the Civil Court of Jefferson County, vacated the judgment of the said civil court, and it thereafter had no force or effect; and (4) that the trial of the appeal from the civil court to the circuit court would be de novo and all errors committed in the civil court would be waived so far as hearing in the circuit court is concerned.

In answer to appellant's contentions one and two, we say now as we did before, that a defendant is entitled to a judgment non obstante veredicto or an arrest of judgment only when the verdict for the plaintiff is based on a count which does not state a substantial cause of action, and appellant never contended the complaint in question failed to state a cause of action; hence, he cannot now complain. Also, where there is a variance between the pleading and proof, the proper way to raise the issue is by specific objection to the evidence, pointing out the variance. Furthermore, the trial court will not have committed error if it refuses the general affirmative charge which is based on the variance, unless there was specific objection made to the evidence. Rules of Practice, Circuit and Inferior Courts, Rules 34 and 35.

In the case at bar there was no objection to the evidence nor was a request made that the general charge raising the variance be given to the jury.

Again, we say that the trial court properly denied the motions for judgment non obstante veredicto and in arrest of judgment as requested by the appellant.

As to appellant's contentions three and four, we say again that we believe an appeal from the Civil Court of Jefferson County to the circuit court for a trial de novo has the effect of wiping out the errors committed in the civil court, so that a new trial can be had in the circuit court and a new judgment there rendered.

Therefore, we are not persuaded by appellant's argument that we committed error in our original decision of this appeal.

However, we did make a statement in our original opinion which, after careful reconsideration, we think should be corrected.

On page 219 of the opinion, beginning with the second paragraph, we said: "Although we think there was a variance between the allegations of the complaint filed in the Circuit Court and the proof offered in support thereof, * * *," which we now consider to be an erroneous statement.

The facts of the case reveal that the defendant Burke did not appeal to the circuit court from the judgment of the civil court, and it was pointed out to the jury in the circuit court by the trial judge that there was only one defendant in the circuit court, and that was appellant.

We therefore conclude that when Burke failed to appeal the judgment to the circuit court, this operated as a severance as to him, leaving appellant as the only defendant in the circuit court, and where the jury found against appellant, after being instructed that Burke was not a defendant, and said nothing about Burke, it was equivalent to a finding in favor of Burke. Phillips v. Holmes, 165 Ala. 250, 51 So.

625; and Handley v. Lawley, 90 Ala. 527, 8 So. 101. See also Smythe v. Dothan Foundry & Machine Co., 166 Ala. 253, 52 So. 398; McAnally v. Hawkins Lumber Co., 109 Ala. 397, 19 So. 417; and Gamble v. Kellum, 97 Ala. 677, 12 So. 82.

Hence, we are of the opinion that there was not a variance between the pleadings and proof as had been contended by appellant.

No new matters being presented to us by appellant, the application for rehearing is overruled.

Opinion extended.

Application for rehearing overruled.