HOLMES, Judge.
The Chief of Police of Florence, Alabama, dismissed twenty-eight policemen. The policemen appealed their termination to the Civil Service Board of the City of Florence. The board held an evidentiary hearing, after which it affirmed the chief’s action. The policemen then appealed to the Circuit Court of Lauderdale County for a trial de novo pursuant to Act No. 1619, Acts of Alabama 1971.
The circuit court granted summary judgment in favor of the City of Florence and the policemen appeal to this court.
As stated above, this appeal arises out of the dismissal of twenty-eight policemen. Those twenty-eight policemen, and six others, went on strike on December 5, 1979. On December 7, the chief issued written orders for the strikers to return to work. The orders stated that the policemen would be suspended if they did not “return to work at 7:00 o’clock a. m., CST, Monday, December 10, 1979.”
On December 10 at 2:00 P.M., strike representatives met with other union representatives and city officials and the deadline for returning to work was extended until 11:00 P.M. on the 10th. Six strikers returned to work before the extended deadline expired; they were not punished.
On December 11, the chief mailed termination letters to the remaining strikers. On December 18, the chief, pursuant to the rules and regulations of the Florence Civil Service Board, filed six formal charges against each striker. An evidentiary hearing was held on January 28; all of the striking policemen were present or represented at the January 28th hearing. The Civil Service Board affirmed the termination on January 29.
Pursuant to Act No. 1619, Acts of Alabama 1971, the policemen appealed to the Lauderdale County Circuit Court for a jury trial de novo on February 8. Attached to the notices of appeal were copies of the board’s decision in each case. The city filed a motion to dismiss, which was later denied. The city then filed a motion for summary judgment and attached the affidavits of the police chief and the city commissioner in charge of the police department. A transcript of the board’s hearing was also attached. In response to the motion, the policemen offered the affidavit of Sergeant John Baugh. The circuit judge, based on the evidence before him, found that there was no material fact at issue and granted the city’s motion for summary judgment.
The dispositive issue on appeal is whether the trial court erred in granting summary judgment.
The policemen contend on appeal that there are several issues of material facts which should have prevented the judge below from granting summary judgment. Those issues are: (1) whether the policemen committed acts justifying adverse personnel action; (2) whether the terminations were motivated by a desire to suppress the policemen’s First Amendment right of association with a union; and (3) whether the policemen were afforded procedural due process. We will address the issues raised by the policemen in the order given above.
1. Whether the policemen committed acts justifying adverse personnel action:
The material facts regarding this issue are undisputed. The Manual of Rules and Regulations of the Police Department of the City of Florence provides, inter alia, that members of the department are subject to disciplinary action for absence from duty without leave or authorized permission and for failure to comply with oral or written orders. Manual, supra, § 3.35.13.33; *189 § 3.37.11. The Manual also provides that members who are found guilty of violating a rule, regulation or order “shall be subject to reprimand, suspension, dismissal, or suffer such • other disciplinary action as the Chief of Police may impose.” Manual, supra, § 3.35.13.
The Rules and Regulations of the Civil Service Board of Florence, Alabama provide, inter alia, that when “the head of any department or office suspends, removes, discharges or demotes any employee,” the employee may appeal to the board. Rules and Regulations, supra, Chapter IV, § 1. If the board finds the employee guilty of the charges, the employee “shall be subject to reprimand, suspension, discharge or suffer such other lawful punishment as the Civil Service Board may direct.” Id. Chapter IV, § 3.
It is undisputed that thirty-four policemen went on strike and were therefore absent without leave, which is a violation of the rules and regulations of the police department. It is also undisputed that twenty-eight policemen failed to return to work when ordered to do so by the chief of police, which is also a violation of the department’s rules and regulations. The policemen’s actions clearly made them subject to discipline and both the chief of police and the board had the authority to dismiss them.
Neither did their dismissal on the grounds stated above violate the policemen’s constitutional rights. United Steel Workers of America v. University of Alabama in Birmingham, 430 F.Supp. 996 (N.D.Ala.1977), aff’d, 599 F.2d 56 (5th Cir. 1979). Government employees do not have a constitutionally protected right to strike. United Federation of Postal Clerks v. Blount, 325 F.Supp. 879 (D.D.C.1971) (three judge court), aff’d, 404 U.S. 802, 92 S.Ct. 80, 30 L.Ed.2d 38 (1971).
In light of the above, the trial court was clearly correct in granting summary judgment on the issue of whether the adverse personnel action against the policemen was justified, as there was no factual dispute regarding the actions of the policemen or the authority of the defendants to discipline them.
2. Whether the charges and disciplinary action were motivated by a desire to suppress the policemen’s First Amendment right of association with a union:
The policemen contend on appeal that their dismissal was illegally motivated by a desire to punish them for association with a union. They base this contention on the fact that one of the charges filed by the chief against them was affiliation with an “organization which maintains that it has a right to cause its members to strike against a public body,” and by the chief’s testimony before the civil service board hearing that a “motivating factor” in his decision to dismiss the policemen was their membership in such an organization.
The policemen rely on Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), for the proposition that a desire to penalize or suppress the exercise of First Amendment rights must not play a “substantial part” in the decision to dismiss an employee. In Mt. Healthy, it was the motivation of the board of education, which had the ultimate authority to hire and fire, that was in question.
We note that the Chief of Police of the City of Florence has the authority to dismiss members of his department. Rules and Regulations of the Civil Service Board of Florence, Alabama, Chapter IV, § 1(a). However, the exercise of that authority is subject to review by the Civil Service Board, and the board may substitute its judgment for that of the chief. Id. at § 1(a); § 3.
In this case, the board found the policemen “not guilty” of the charge regarding affiliation with an organization which maintains its members have a right to strike against a public body. As a consequence, the chief’s motivations regarding union membership become immaterial. Therefore, the trial judge did not err in granting motion for summary judgment in this regard.
*190 3. Whether the policemen were afforded procedural due process:
The minimum requirements of due process as regards dismissal of a public employee are found in Thurston v. Dekle, 531 F.2d 1264 (5th Cir. 1976). Basically, the Thurston standard requires written notice of the charges and a hearing on them prior to termination.
In this case, the policemen were given written notice of the charges at the time they were terminated and were given a hearing only after termination. Nevertheless, any error regarding the above action was cured by the subsequent post termination proceedings before the Civil Service Board that included written notice of the charges and a public hearing during which each employee was represented by an attorney and provided an opportunity to present witnesses and cross-examine opposing witnesses. Thompson v. Bass, 616 F.2d 1259 (5th Cir. 1980); Glenn v. Newman, 614 F.2d 467 (5th Cir. 1980). Accord, Jefferson County v. Reach, Ala., 368 So.2d 250 (1979).
The policemen also contend that the trial judge erred in finding that the strike created an “emergency” which allowed the suspension of the Thurston standards. This contention is based on the argument that the existence of an emergency is a factual question for the jury. In light of the discussion above, we find that the existence or nonexistence of an emergency is irrelevant in the case on appeal. Consequently, the trial judge did not err in granting summary judgment on grounds that the policemen were not afforded procedural due process.
The policemen also raise a fourth issue regarding the propriety of granting summary judgment in this case. They contend that, even if their actions justify some disciplinary action, the question of the proper punishment was one for the jury and that it should have gone to the jury.
Act No. 1619 provides for an appeal from the Civil Service Board’s action by trial de novo in the circuit court. The Act further provides for trial by jury on demand. A trial de novo is a new trial in which the whole case is gone into as if no prior proceedings had occurred. Alabama Equity Corp. v. Hall, 46 Ala.App. 143, 239 So.2d 215, cert. denied, 286 Ala. 731, 239 So.2d 220 (1970). It is clear that the Civil Service Board on appeal may substitute its judgment regarding punishment for that of the police chief. Rules and Regulations of the Civil Service Board of Florence, Alabama, Chapter IV, § 3. Because Act No. 1619 provides for a trial de novo wherein a jury may consider the entire case a jury may determine the question of appropriate punishment, if properly raised, and substitute its judgment on that question for that of the Civil Service Board. Smith v. Civil Service Board of the City of Florence, 52 Ala.App. 44, 289 So.2d 614 (1974).
We find that the question of a right to a jury determination of punishment was properly raised in this case. The notice of appeal which the policemen filed in the circuit court stated that the appeal was taken from an adverse ruling of the Civil Service Board. The board’s ruling clearly included a finding that the dismissal was proper punishment. Furthermore, the parties do not seriously contend that the question of punishment was not properly raised in the circuit court.
Where a party appeals pursuant to Act No. 1619 and demands a jury, such as we have in this instance, the question of punishment is a question for the jury. For the reasons stated above, we find that the trial judge erred in granting the board’s motion for summary judgment on this ground.
As indicated above, this court has no alternative in view of Act No. 1619 but to reverse the trial court’s action in granting summary judgment. However, our reversal, as shown above, is premised on the conclusion that the policemen were in this instance entitled to a trial by jury on the issue of punishment.
While this court, as a general proposition, only decides those issues necessary to resolve the appeal, we have attempted to resolve other pertinent issues. We have *191 taken this course of action to hopefully assist the learned and distinguished trial judge in this most difficult lawsuit.
The trial court may, if appropriate, in view of the above, utilize Rule 56(d), ARCP.
We would be remiss in not commenting that this court is aware of the practical consequences of our decision. These consequences were ably pointed out by the city during oral argument before this court. However, Act No. 1619 mandates our decision. It may well be that in view of the uniqueness of Act No. 1619 interested parties will reevaluate its efficacy.
REVERSED AND REMANDED.
WRIGHT, P. J., and BRADLEY, J., concur.