CRAIG, et. al. *versus* ATWOOD.

Where an action is brought against several defendants in a Justices' Court, one of them without the concurrence of the balance, may prosecute an appeal.

In error from the County Court of Marengo.

In this case Atwood had obtained thirteen judgments against Craig, and others, his sureties to a bond as constable. A *certiorari* was prosecuted by Craig and one of his sureties, to the County Court, which on hearing was dismissed, on the ground that all the defendants had not joined in the appeal. Exception was taken to this decision of the Court, and the same assigned for error here.

*Lyon* for Plaintiff—*Stewart, contra.*

CRAIG, et al. *vs.* ATWOOD.

PERRY, J.—It appears by the record in this cause, as disclosed in the petition of Craig for writs of *certiorari* and *supersedeas*, that Atwood had recovered thirteen judgments against him, James H. Adams, John C. McGrew, William Anderson and John Lockart, his securities to his bond as constable. The Judge of the County Court granted the petition for writs of *certiorari* and *supersedeas ;* and ordered the clerk of his Court to issue the same upon Craig's entering into bond with security in double the amount of each judgment before the magistrate (which amount was stated in the petition:) the writs of *certiorari* and *supersedeas* issued, and the cases were returned into the County Court; and at September term of said Court, 1829, on motion of Atwood, all the cases were dismissed.

A bill of exceptions was taken to the opinion of the Court, which discloses that a bond in due form and in proper penalty, was executed by Craig and Adams, two of the defendants, before the magistrate, with security, which was approved by the clerk. That the motion to dismiss was snstained upon the ground, that whenever judgment was rendered by a magistrate against more than one defendant, that no appeal could be taken by any one person aggrieved by such judgment, unless all his co-defendants join in the appeal bond.

There are several assignments of error, all of which may be embraced in the solitary proposition—did the Court below err in dismissing this cause because all the parties defendant to the judgment before the magistrate, did not execute or join in the bond for prosecuting the *certiorari.*

In deciding this question I believe it will only be

2 Toul.D. 510, sec. 3 necessary to refer to the act of the Legislature, passed in 1814. The language of which, is so clear and free from doubt as to what the law makers meant, that an attempt to place a meaning different from that which the statute itself evidences, would be a task not easily accomplished. The language of the statute is this: " that any person aggrieved by the judgment of any justice of the *quorum*, or of the peace, may within five days thereafter, appeal," &c. Now, if *any person aggrieved* has the right to have that grievance redressed, he would be deprived of that right if a co-defendant should refuse to join with him in the appeal, and thereby defeat what the legislature has made ample provision for, and fasten an unjust judgment in many instances upon one of several defendants. This could not be consonant to reason and to justice. Hence I conclude that one of several defendants has the right to appeal and execute a bond independent of his co-defendants, and by that means remove the proceedings from the justice's jurisdiction into a higher tribunal.

The judgment must therefore be reversed and the cause remanded.