# Dean *v.* The State.

*Prosecution for Petit Larceny.*

63    153
102   483

63    153
112   637

63    153
130   189

1. *Certiorari; when allowed at common law.*—A *certiorari*, at common law, was a revisory remedy, intended only for the correction of errors of law apparent on the record; and was not a substitute for an appeal, nor allowed for the correction of errors of fact, which were properly revisable on appeal.

2. *Same; under statute.*—In this State, a party has the right by statute to sue out a *certiorari*, to remove a judgment rendered against him by a justice of the peace, into the Circuit or City Court, when the right of appeal has been lost, without fault on his part, by lapse of time; and the cause is tried *de novo* in that court, without regard to the regularity of the proceedings before the justice, or the sufficiency of the petition for the *certiorari*. But the statute applies only to civil causes, and there is no statute which gives a *certiorari* in a criminal case, to remove a judgment rendered by a justice of the peace.

3. *Appeal from justice of the peace; when barred.*—In a criminal case tried before a justice of the peace, in a matter within his jurisdiction, the defendant has a right of appeal, under the rules and regulations prescribed for the trial of appeals from the County Court (Code, § 4701); and no time being prescribed within which the appeal must be taken, the right is only lost by the lapse of time which would bar an appeal to this court.

FROM the City Court of Montgomery.

Tried before the Hon. JOHN A. MINNIS.

The defendant in this case was arrested under a warrant, issued by a justice of the peace, charging him with the offense of petit larceny; and on his trial before the justice, on the 14th January, 1880, he was convicted, and sentenced to hard labor for the county for the term of six months. Thereupon, on the 16th January, 1880, he presented his petition for a *certiorari* to Judge MINNIS, asking the removal of the case into the City Court; and in his petition he stated, "that he did not at once take an appeal from the decision of the said justice, because he was informed and believed that said justice had exceeded his jurisdiction in passing sentence upon petitioner." A *certiorari* was granted as prayed, and the papers in the cause were returned into the City Court.

At the next ensuing term of that court, the prosecuting attorney filed a statement, or complaint, charging the defendant with the offense of petit larceny. The defendant moved to strike the complaint from the files, but the court overruled his motion; and the plea of not guilty being interposed, the trial proceeded, and he was again convicted. To the refusal of the court to strike the complaint from the files, and to several rulings of the court during the trial, the defendant duly excepted; and on the exceptions thus reserved, the case is brought to this court.

J. M. FALKNER, for the defendant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—A *certiorari*, at common law, was an original writ, issuing out of Chancery, or the King's Bench, directed in the king's name, to the judges or officers of inferior courts, commanding them to return the record of a cause depending before them, to the end the party may have the more sure and speedy justice, before him, or such other justice as he shall assign to determine the cause.—2 Bac.' Abr. 162.· In its nature 'it was a revisory remedy, intended only for the correction of errors of law, apparent on the record.—*Lamar v. Commissioners*, 21 Ala. 772; *Glaze v. Blake*, 56 Ala. 379. It was not a substitute for an appeal, nor intended for the correction of errors 'of fact.—*State v. Stewart*, 5 Strobh. S. C. 29. Indeed, it would not lie "where an appeal is given, if the objection be not to the want of jurisdiction, but to the merits; for that is more properly the subject of an appeal."—2 Bac. Abr. 165.

In civil causes, a party has by statute the right, by *certiorari*, to remove a judgment rendered against him by a justice of the peace, into the Circuit or City Court, when, by the lapse of time, without fault on his part, the right of appeal has been lost. When the cause is introduced into the Circuit Court, it is tried *de novo*, on the merits, as if an appeal had been taken, without regard to the regularity of the proceedings before the justice, and without an inquiry whether the petition disclosed proper cause for awarding the writ.— 1 Brickell's Dig. p. 111, § 21.

It is, however, in civil causes only that the statute gives the remedy. When there is a judgment of conviction in a criminal cause, of which a justice had jurisdiction, the defendant has a right of appeal, under the rules and regulations prescribed for the trial of appeals from the County Court. The cause, when carried into the Circuit or City

[Weston v. The State.]

Court, is tried *de novo*, on the merits.—Code of 1876, § 4701. No time is prescribed for the taking of the appeal, as in civil causes; and the right can only be lost by the lapse of the period which would bar an appeal to this court.—*Mason v. Moore*, 12 Ala. 578; *Enis v. Ross*, 19 Ala. 239.

The appellant, proceeding on the supposition that his right of appeal had been lost, because it was not claimed immediately on the rendition of the judgment of conviction, applied to and obtained from the judge of the City Court a writ of *certiorari*, to remove the judgment of conviction, not assigning any error of law in the proceedings of the justice. The petition is based wholly on the idea, that, as in civil causes, a *certiorari* is an appropriate remedy to remove the cause into the City Court for a trial *de novo* upon the facts. The statute does not authorize the proceeding, and by giving an appeal, excludes it as an appropriate remedy. The City Court was without jurisdiction in the premises. The writ ought to have been quashed, and a *procedendo* awarded to the justice of the peace.

The judgment is reversed, and the cause remanded for proceedings in conformity to this opinion. The prisoner will remain in custody, until discharged by due course of law.