# McCulley *v.* Cunningham.

*Application for Authority to Erect Mill-Dam.*

1. *Erection of mill-dams; jurisdiction of judge of probate.*—The jurisdiction conferred by the statute (Code, §§ 3184–3206) on the judge of probate to authorize the erection of dams for water grist-mills, saw-mills, &c., is special and limited, and can be supported only when the record shows affirmatively every fact necessary to uphold the jurisdiction.

2. *Same; sufficiency of the petition.*—The petition in such case is fatally defective, where it fails to show that the mill proposed to be erected was "to be operated for the public" (Code, § 3184), or to set forth any fact from which that inference would arise, and shows that the petitioner proposed, besides the mill, to "operate other machinery," without stating that it is machinery pertaining to, or constituting part of, a grist-mill, saw-mill gin, or factory.

3. *Review of ad quod damnum proceedings; when certiorari is proper remedy*—For defects of law appearing upon the face of the proceedings before the probate judge for authority to erect a dam for a water grist-mill, saw-mill, &c. (Code, §§ 3184, *et seq.*), the remedy is by the common-law writ of *certiorari;* such defects not being revisable on an appeal under the statute (Code, § 3206) from an "assessment of damages."

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. Box.

On July 1, 1891, the appellant, W. F. McCulley, filed with the probate judge of Calhoun county his petition for authority to erect a dam across Choccolocco creek in said county, "for the purpose of building and operating a grist-mill and other machinery on the north bank of said creek." The petition alleged that the appellees, G. L. Cunningham and E. J. Lee, owned about one acre of land "spanning said creek about 250 yards above where petitioner proposes to

[McCulley v. Cunningham.]

erect his dam;" and they were notified of said application. The probate *court* took jurisdiction of the matter, and, after an award by a jury, made an order granting the prayer of the petition. The appellees here appealed to the Circuit Court of Calhoun county "from the verdict of jury" in said proceeding. The present appeal is from the judgment of the Circuit Court, which is stated in the opinion, and appellant now assigns as error the rulings of the Circuit Court.

MATTHEWS & WHITESIDE, for appellant, cited *McAllilley v. Horton*, 75 Ala. 491; *Camden v. Bloch*, 65 Ala. 236; *Abraham v. Alford*, 64 Ala. 281; *Folmar v. Folmar*, 68 Ala. 120.

BISHOP & WHITSON, *contra*.

THORINGTON, J.—The jurisdiction conferred by sections 3184–3206 of the Code on the judge of probate to authorize the erection of dams for water grist-mills, saw-mills, gins or factories, is special and limited, and can be supported only when the record shows affirmatively every fact necessary to uphold the jurisdiction. The right conferred by the statute is the exercise of the power of eminent domain, and involves the taking of private property, as much as if lands were taken. Under the limitations of the Constitution, no such right can be exercised unless the mill or other structure specified in the statute is to be operated for the public, under regulations established by law; and section 3184 of the Code in express terms limits the exercise of the right to mills, gins and factories to be so operated.

The petition filed by appellant with the probate judge fails to show that the mill the petitioner proposed to erect is to be operated for the public, or to set forth any fact from which that inference would arise; such, for instance, as that it was a mill which would grind for toll. The statement in the petition, furthermore, is that the petitioner proposed, besides the mill, to "operate other machinery," without stating that it was machinery pertaining to, or constituting part of, a grist-mill, saw-mill, gin or factory, which are the only structures authorized by the statute. It is clear, therefore, that the petition fails to set forth the necessary facts to authorize the judge of probate to assume jurisdiction, and the entire proceedings before him were void.—*Bottoms v. Brewer*, 54 Ala. 288.

An appeal was taken from the proceeding before the probate judge by the contestants to the Circuit Court, where the petition was not amended, but remained as it was in the

[McCulley v. Cunningham.]

proceeding before the probate judge. In the Circuit Court there was a motion submitted by the parties resisting the petition to quash the proceedings had before the probate judge, for irregularities and defects apparent from the record. The petitioner then filed a motion to strike from the docket and files the above mentioned motion, on the ground that the proceedings before the probate judge were not subject to review on appeal to the Circuit Court, but that the proceedings in the Circuit Court should be *de novo*, pursuant to section 3206 of the Code. This last motion was denied by the Circuit Court, and judgment was rendered on the first motion, dismissing the suit and quashing the judgment "rendered in the Probate Court." The petitioner, or plaintiff in the court below, reserved exceptions to the rulings and judgment of the Circuit Court, which were incorporated in a bill of exceptions, and an appeal was taken to this court.

Formerly, appeals were taken in cases of this kind directly from the Probate Court to the Supreme Court, either upon the record, to review the questions of law arising thereon, or with a bill of exceptions, to review conclusions of fact.—*Martin v. Rushton*, 42 Ala. 289; *Rushton v. Martin*, 43 Ala. 555. But the statute under which this appeal was taken (Code, § 3206)—the only statute authorizing an appeal in such cases—extends the right only to an appeal from *any assessment of damages* made or had in the proceeding before the judge of probate, and directs that on *such* appeal the trial in the Circuit Court shall be *de novo* by jury. This language obviously contemplates that the new trial on the appeal is to be one of fact by the jury on the question of damages, and not of questions of law by the court, arising from defects in the proceedings before the probate judge. The effect of the appeal is to waive irregularities and formal defects in the proceedings before the probate judge, and to confine the inquiry in the Circuit Court to the assessment of the damages to the landowner, which must be *de novo* before a jury, in the usual manner that issues are tried before a jury in the Circuit Court. For defects of law appearing upon the face of the proceeding before the probate judge the remedy is not by appeal, but by the common-law writ of *certiorari*, which may be invoked where there is a clear legal right and no other legal remedy. Under that writ the jurisdiction of the court and the regularity of its proceedings, that is, errors of law apparent on the record, are available, but the trial is not *de novo*, and conclusions of fact can not be reviewed.—*Memphis & Charleston R. Co. v. Brannum*, ante, p. 461; *McAllilley v. Horton*, 75 Ala. 491.

[Rogers, Receiver, v. Haines.]

The judgment rendered by the Circuit Court is upon a motion which raised questions that should have been brought before the court by the common-law writ of *certiorari*, and was not authorized on appeal. The judgment of the Circuit Court is reversed, and the cause remanded, with directions to the Circuit Court to dismiss the appeal on the ground that the proceedings before the probate judge were *coram non judice*, and therefore void.

Reversed and remanded.