# Phillips, *et al. v.* Holmes, *et al.*

### *Assumpsit.*

(Decided Feb. 3, 1910. 51 South. 625.)

1. *Pleading; Complaint; Attorney's Fees.*—A complaint on a note which claims $15.00, or so much thereof as may be a reasonable attorney's fee, averring the stipulations in the note as to the payment of attorney's fees, in effect, demands a reasonable attorney's fee not exceding $15 00, and sufficiently alleges the amount of recovery sought on account of attorney's fees.

2. *Partnership; Effect of Dissolution Pending Action.*—The legal beneficial ownership of the subject-matter of the suit remains the same notwithstanding a dissolution of the firm pending an action by the partners, and hence, the dissolution does not abate the action.

3. *Same; Right to Sue.*—A partnership is neither a natural nor an artificial person, and hence, a partnership cannot sue.

4. *Certiorari; Common Law; Judgment.*—Where a cause is removed from the justice court to the circuit court by common law certiorari, the proper judgment in the proceedings is that the proceedings below be either quashed or affirmed in whole or in part.

5. *Same; Costs; Jurisdiction of Circuit Court.*—Where one defendant in a justice court moved the cause to the circuit court by

[Phillips, et al. v. Holmes, et al.]

certiorari and all the defendants to the action defended in the circuit court on the merits without objection to the jurisdiction of the court, they were not in position to urge that the court was without jurisdiction nor that they did not join in the certiorari, so as to escape an assessment of damages for delay.

6. *Justices of the Peace; Appeal from; One of Several Defendants.*—The appeal by one defendant from the judgment of a justice of the peace removes the cause to the circuit court as to him alone.

7. *Appeal and Error; Questions Below.*—Where the petition for certiorari did not indicate whether it was a statutory or common law writ and the circuit court tried the cause de novo without objection, and rendered a monetary judgment, the question of want of jurisdiction to render such judgment because it was a common law writ of certiorari cannot be raised for the first time on appeal.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by B. F. Holmes and others against W. H. Phillips and others, on a promissory note. Judgment for plaintiff in the court below, which was appealed by certiorari to the circuit court, where judgment was again rendered for plaintiff and defendants appeal. Affirmed.

WERT & LYNN, for appellant. The court erred in overruling demurrer to this complaint as it should have averred that the amount claimed was a reasonable charge for attorney's fees, and the sum sued for should be definite and certain.—*McKenzie v. Conner*, 1 Stew. 162; *Munter v. Lynn*, 61 Ala. 494; *Johnson v. Burner*, 88 Ala. 580; *Williams v. Flowers*, 90 Ala. 136. Plea A was good as a plea since the last continuance.—*Dolberry v. Trice*, 49 Ala. 207. The court erred in the judgment rendered, since the judgment should either have quashed the proceedings or affirmed them in whole or in part.

E. W. GODBEY, for appellee. It was perfectly competent for plaintiff not to claim attorney's fees in excess of $15.00. Plea A was not good.—*Davis v. Davis*, 93

Ala. 178. Having participated in the trial on the merits in the circuit court, the defendants cannot be heard to say now that they did not appeal.

SAYRE, J.—This suit, commenced before a justice of the peace by B. F. and A. L. Holmes, as partners in business under the name of Holmes Bros., against W. H. Phillips, G. F. Bucheit, and J. F Light, as joint makers of a promissory note, was, after judgment against all the defendants, removed to the circuit court by writ of certiorari, and to this court by appeal The complaint, after declaring in common form on the note, proceeded: "Plaintiffs claim of the defendants the further and additional sum of $15.00 or so much thereof as may be reasonable attorney's fees in the premises, and plaintiffs aver that in the said note the defendants stipulated as follows: 'If this note is not paid at maturity, to pay the expenses of collection, including attorney's fees.'" The attack upon this complaint for lack of certainty in alleging the amount of recovery sought on account of attorney's fees cannot be sustained. The note secured a reasonable fee. It was competent for the plaintiffs to limit the amount of recovery to $15.00 by claiming that amount. By the alternative claim of so much thereof as may be a reasonable fee, the plaintiffs accurately stated their recoverable damages on that amount. The claim as formulated was for a reasonable fee not in excess of $15. The ruling here in favor of the complaint was free from error.

In plea A the defendants set up that the plaintiffs were not partners on the day of the filing of the complaint in the circuit court. The suit had been properly brought in the name of B. F. and A. L. Holmes, partners in business under the name of Holmes Bros., and the plea set up a dissolution of the partnership subse-

quent to the bringing of the suit. In *Davis v. Davis*, 93 Ala. 173, 9 South. 736, suit was brought by three individuals describing themselves as late partners, etc. Pending the trial the plaintiff partners made a general assignment for the benefit of their creditors, and one of them died. These facts were brought to the attention of the court by a plea puis darrein continuance, and otherwise. This court said of the assignment: "In a case like the present one, the assignment accomplishes its purpose by conveying to the assignee the fruits of the suit." It was also held that the death of one partner did not abate the suit, and that its effect was to cast the title and ownership of the chattel or chose in action, the subject of the suit, upon the survivors, who rightly continued the prosecution of the suit in their own names. The legal and beneficial ownership of the subject-matter of suit in the case in hand was at the time of the filing of the plea, and notwithstanding the truth of the plea, in the identical persons as at the beginning of the suit. The partnership, not being a natural or artificial person, could not maintain an action.—*Moore v. Burns*, 60 Ala. 269; *Lister v. Vowell*, 122 Ala. 264, 25 South. 564. When the suit was brought the plaintiffs were partners; when the plea was filed, they were late partners —a difference in mere matter of description. The demurrer was well sustained.

The cause was removed to the circuit court on the petition of the defendant W. H. Phillips in which the other defendants did not join. The other defendants now insist that as to them the circuit court never acquired jurisdiction. Until this time it has remained a question of some doubt whether the appeal or certiorari by one of two or more defendants from a judgment of a justice of the peace removes the entire cause to the circuit court, or only the case of the appealing defendant. In *Ex*

*parte Bogatsky Brothers & Co.,* 134 Ala. 384, 32 South. 727, following *Craig v. Atwood,* 1 Stew. & P. 86, which construed the same statute in an earlier and slightly, though not substantially, different form, this court pretermitted decision of the precise question here presented though deciding that any party had the right of appeal irrespective of the concurrence of others. Such being the case, an appeal by one necessarily operates as a severance, and removes those difficulties which have seemed to require that on appeal to this court the entire cause shall be removed and a severance had here if desired. We are inclined, therefore, to the opinion that the appeal of one defendant from the judgment of a justice of the peace to the circuit court removes the cause as to the one party only. It is, however, hardly necessary to decide the point in this case for the reason that all the defendants participated in the defense in the circuit court. All the pleadings by way of defense in that court were entitled as of a cause in which there was more than one defendant. This alone would not be considered as at all conclusive, but the pleadings themselves, filed by duly authorized attorney as we must presume, were filed on behalf of the "defendants," meaning, as we think, all the defendants to the original cause. Having defended on the merits the defendants cannot now be heard to say that they were not properly in court. Having appeared in court and defended without objection to the right of the court to try the case it is immaterial how they got there.

The appellant Phillips insists, by separate assignment of error, that the circuit court had not jurisdiction to render a monetary judgment against him for the reason that the certiorari removing the cause was a common-law certiorari, upon which the court had power only to render a judgment of affirmance or one quashing the judgment. Upon removal to the circuit court by the

common-law certiorari the judgment is that the pro-
ceedings below be either quashed or affirmed in whole or
in part.—*Independent Pub. Co. v. American Press
Ass'n*, 102 Ala. 475, 15 South. 947. The insistence of
the appellant is grounded upon the following state-
ment of law and fact: Section 4647 of the Code pro-
vides that summons issued by a justice of the peace
must be executed three days before the return day
thereof, by personal service of a copy of the summons
and indorsements thereon on the defendant; the return
day of the summons was July 18, 1908; the constable's
return showed service on defendant Phillips on June
17th; the transcript of the record sent to the circuit
court showed that on June 17th defendant appeared
and confessed indebtedness to the plaintiff and ac-
knowledged service of the summons and complaint; the
judgment, rendered on June 18th, was a judgment by
default; in the petititon for certiorari it is alleged that
the judgment by default was unjust and unwarranted
in that petitioner had only one day's notice of the day
set for trial. On these facts and the statute quoted,
appellant, conceding that his appearance and acknowl-
edgement of service obviated all objection to the man-
ner of service, contends that he failed to have three
days' notice of the suit before the return day thereof,
and that this was error to be reviewed by the common-
law writ of certiorari. The petition for the writ does
not show that appellant had in mind any distinct the-
ory as to the remedy he desired, whether common law
or statutory writ. That petition does state what was
supposed to be error in the proceedings, but at the
same time it sets forth an excuse for not having taken
appeal within five days, and it specifically prays that
the proceedings below be quashed; the prayer was for a
writ in order that justice might be done. In the circuit
court it clearly appears that appellant treated the re-

moval of the cause as having been secured by virtue and for the purpose of the relief afforded by statutory certiorari, and nothing appears to the contrary. The appellant filed pleas going to the merits of the cause and entered upon the trial de novo. No such proceedings are contemplated on the removal of a cause by the common-law writ, as has already appeared. In *Independent Pub. Co. v. American Press Ass'n, supra,* it was said: "Upon a sufficient showing, with reference to any error of record apparent, the writ may issue, and the case be brought up. It is tried under the statute de novo. But this section of the Code (3405 of the Code of 1886) can have no reference to the proceedings under the common-law writ of certiorari, which is granted only in proper cases for error of record apparent, upon which the only proper judgment is to affirm or quash the proceedings.—Page 492 of 102 Ala., page 953 of 15 South. And this on page 493 (953), of the same report: "If he resorted to an appeal, he made himself a party, brought himself into court, and after being compelled to secure the debt by his appeal bond in order to obtain the appeal, must then submit to a trial de novo." Having tried his case in the circuit court on one theory, appellant is estopped to try it in this court upon another.

So, also, the appellants, other than Phillips, having accepted whatever advantage there was to be had from a trial de novo in the circuit court, and having participated in the trial of the case there as parties to the record, cannot now be heard to say that they did not join in the appeal so as to escape the assessment of damages for delay. That assessment, as for anything appearing to the contrary, was free from error.

Affirmed.

ANDERSON, McCLELLAN, and MAYFIELD, JJ., concur.