# Adams *v.* City of Troy.

## *Certiorari.*

(Decided ·June 15, 1911.  56 South. 82.)

1. *Municipal Corporations; Ordinances; Violation; Punishment.*— Under section 1215, Code 1907, a recorder of a municipality, acting as such, may, if authorized by a valid ordinance, impose the penalties prescribed by sections 1213, 1239, Code 1907, for violation of such an ordinance, but he cannot impose punishment exceeding the maximum penalty fixed by the ordinance; hence, upon a conviction of assault and battery under an ordinance prescribing a fifty dollar fine as the maximum penalty, a recorder cannot impose a fine of $100 and 180 days sentence to hard labor, although section 1216, Code 1907, empowers a recorder to impose such a penalty.

2. *Certiorari; Power to Issue.*—The judge of the law court of Pike county, has power to issue certiorari returnable to the circuit court of said county.

3. *Same; Office.*—Common law certiorari is a revisory remedy only to correct errors apparent on the record including questions of jurisdiction as well as of the regularity of the proceeding.

4. *Same; Return.*—Upon certiorari to review a conviction for violation of a certain ordinance, the ordinance is a proper part of the record to be certified as part of the return.

[Adams v. City of Troy.]

APPEAL from Pike Circuit Court.

Heard before Hon. H. A. PEARCE.

Petition for certiorari by Hill Adams against the city of Troy. From an order denying the petition, he appeals. Affirmed in part, and in part reversed and rendered.

The petition was addressed to T. L. Borum, judge of the law court of Pike county, and alleges that on the 21st day of February, 1910, petitioner was convicted in the mayor's court of the city of Troy, before the mayor thereof, for the offense of an assault, fined $100, and $2 as costs, and sentenced to hard labor for the mayor and city councilmen of Troy for a term of 180 days. It is alleged that the judgment and sentence was unwarranted by the law and the evidence: First, because it was contrary to the evidence; second, because at the time the said offense was alleged to have been committed there was not in force in the city of Troy, or within the police jurisdiction thereof, any valid by-law, or evidence authorizing the judgment and sentence; and, third, because the sentence imposed is not authorized by the laws of this state. The petitioner also filed a writ of habeas corpus, addressed to the probate judge of Pike county, on the same ground, which was denied. The petition for certiorari was made returnable to the circuit court of Pike county, although issued by the judge of the law court of that county. The respondent then moved to dismiss the petition for certiorari for want of authority of the officer issuing the writ to make the same returnable to the circuit court. This motion was overruled. A judgment was entered by agreement, remitting the fine, and it was ordered that the petition be denied and dismissed, and that the petitioner be remanded to the custody of the proper officers of the city

35—CA

of Troy to serve the sentence imposed by said city under the original conviction.

A. G. SEAY, for appellant. The only matter to be determined on certiorari is the quashing or affirming of the proceedings brought up for review.—*Camden v. Bloch*, 65 Ala. 236; *McAlily v. Horton*, 75 Ala. 491; *Winkler Brok. Co. v. Courson*, 106 Ala. 374. It is the proper remedy for bringing up for review proceedings before the mayor's court.—*Camden v. Bloch, supra; Marion v. Chandler*, 6 Ala. 899. The judge of the Pike county law court had authority to issue the certiorari returnable to the circuit court.—Acts 1903, p. 336 *Ex parte Campbell*, 130 Ala. 180; *E. & W. R. R. Co. v. E. T. V. & R. R. Co.*, 75 Ala. 275; *Ex parte Sayre*, 95 Ala. 288; *Cofer v. Shening*, 98 Ala. 388. The only ordinance in force in the city of Troy punishing assault and battery prescribed a maximum penalty of a $50 fine, and hence, the action of the recorder in imposing a fine of $100 and 180 days for costs, was absolutely void.—*Ex parte Montgomery in re Bandy*, 79 Ala. 275; *Ex parte in re Ballou*, 84 Ala. 21. The ordinance was a proper part of the return.—39 L. R. A. 694. The proceeding should have been quashed.—*Culpepper v. Hill*, in MSS; *Rosenburg v. City of Selma*, 52 South. 742; Sec. 7620, Code 1907.

FOSTER, SAMFORD & CARROLL, for appellee. The appellant can take nothing by his appeal for the reason that the judge of the law court of Pike county was without authority to issue the writ returnable to the circuit court.—6 Cyc. E93; *Corner v. Corner*, 3 Ala. 524. It is a common law and not a statutory writ, since statutory writs are not applicable to criminal cases.—*Dean v. State*, 63 Ala. 153. This case should

be affirmed on the authority of *Ex parte Hill Adams,*
54 South. 501. The circuit court is without authority
to receive any evidence, and on appeal from the com-
mon law writ of certiorari there is no bill of exceptions.
—*Dean v. The State, supra; Miller v. Jones,* 80 Ala.
93; *McCully v. Cunningham,* 96 Ala. 585.

DE GRAFFENRIED, J.—Section 1216 of the Code
of 1907 of Alabama provides that a recorder of a city
or town shall, upon conviction of any person charged
with a violation of an ordinance of such town or city,
have the power to sentence him to hard labor upon the
streets or public works, or in the workhouse or house of
correction of the city, and that no fine shall exceed
$100 and no sentence to imprisonment or hard labor
shall exceed six months.

A recorder, when acting simply as the judge of a mu-
nicipal court, is bound by the ordinances of the munic-
ipality, provided they do not conflict with the laws of
the state. When the ordinances of a municipality con-
form to or are in harmony with the general laws of
the state and deal with subjects over which a municipal-
ity is authorized by law to deal, then such ordinances
are the law of the recorder's court, and he is conclu-
sively bound by them. Section 1215 of the Code pro-
vides that a recorder is "especially vested with and may
exercise in the city, and whithin the police jurisdiction
thereof, full jurisdiction in criminal and quasi crimi-
nal matters and *may impose the penalties* prescribed
by ordinance for the violation of ordinances and by-laws
of the city." In the present case, the appellant was
proceeded against by the city of Troy for the violation
of the following ordinance: "Sec. 246. Any person
who commits an assault or an assault and battery upon
any other person must, on conviction, be fined not less

[Adams v. City of Troy.]

than one nor more than fifty dollars." Notwithstanding the provision of the ordinance that the fine, in such case, should not exceed $50, and notwithstanding the fact that the ordinance, by imposing only a fine for the violation of the ordinance, negatived the idea that the municipal authorities intended that there should be vested in the recorder the power or authority to impose additional punishment by imprisonment or hard labor, which the ordinance might have authorized the recorder to impose, the recorder fined the defendant $100 and added, as additional punishment, 180 days' hard labor upon the defendant.

The powers of a recorder are dual. He exercises that power which is peculiar to recorders—he hears and determines, as recorder, charges of violations of municipal ordinances. He also exercises, within the police jurisdiction of his city or town, the same powers, over all misdemeanors committed within the police jurisdiction of his city or town, as are conferred by law on county courts or courts of like jurisdiction, and, when he so acts, he is governed, in all things, by the general laws of the state. When acting as recorder, he is bound by the laws of the city for which he acts, viz., by the ordinances of the city, and when so acting "may impose the penalties prescribed by ordinance for the violation of ordinances and by-laws of the city," and, certainly, when the ordinance under which he acts prescribes a penalty for its violation, and such penalty is in harmony with the general laws of the state, he has no authority to exceed it. It is only by virtue of the ordinance that the recorder, as a municipal officer, acquired jurisdiction of this matter, for if there was no ordinance there would be no such offense against the city, and it is familiar law that, where a penalty is fixed by a statute or by an ordinance of a city creating an offense, the pun-

[Adams v. City of Troy.]

ishment is confined to that given by the statute or the ordinance so creating the offense.—6 Mayfield's Dig. p. 705, § 2.

The municipality of Troy has the power, under the provisions of article 14 of the Code of Alabama, by a proper ordinance, to punish the offense of assault by both fine and imprisonment; but it is sufficient for us to say that it has not so done, and that the recorder of that city, when acting as a recorder, must fix his punishments, for violations of that ordinance, in accordance with the laws of his city, which provide only a fine not to exceed $50, without additional punishment by imprisonment or hard labor, as the maximum penalty for its violation.

In the case of *Culpepper v. Adams, Infra,* 55 South. 325, this court ordered the appellant to be discharged on his petition for a writ of habeas corpus because the recorder, who tried the appellant for an offense against the laws of the state, sentenced him to hard labor for a period longer than that authorized by the laws of the state, and added, as additional punishment, hard labor, when no such punishment was authorized by the laws of the state, and the appellant had, when he filed his petition, actually suffered more punishment for the offense than the law authorized. In the present case, the recorder has, regardless of the maximum punishment fixed by the ordinance, undertaken to place the maximum punishment which cities and towns, by ordinance, are authorized to fix as penalties for the violation of ordinances as provided in sections 1215 and 1216 of the Code.

While a recorder may, if authorized by a valid ordinance of his city, when acting as such *recorder,* impose the penalties provided for in article 14 of the Code, for the violations of valid ordinances of the city, he cannot,

in any case, when acting as recorder, exceed, in his punishment, the maximum punishment fixed by the ordinance for the violation of which the punishment is inflicted.

It therefore follows that the recorder of Troy was without jurisdiction to add additional hard labor upon appellant on his conviction in the above case, and as the city of Troy saw proper, upon the trial in the circuit court, to remit the fine imposed by the recorder, on this defendant, it therefore follows that there is nothing left but the costs in this case, and as the sentence of this defendant to hard labor went into effect in September, 1910, the costs have therefore long since been paid.

2. The court committed no error in refusing appellee's motion to dismiss the writ of certiorari because the same was issued by the law court of Pike county and made returnable to the circuit court. This is a common-law writ, and while, at common law, the rule was that the writ could only be allowed by the court in which the proceedings were to be heard or by a judge or officer thereof, a contrary practice has so long prevailed in Alabama that we feel that it has become settled and should not be disturbed. In the case of *Independent Pub. Co. v. Amer. Press. Ass'n,* 102 Ala. 475, 15 South. 947, the writ was issued by the judge of probate of Madison county and made returnable to the circuit court, and from an order of the circuit court dismissing the writ an appeal was taken to the Supreme Court. In that case two dissenting opinions were written—one by Stone, C. J., and the other by Head, J.—and, while the question now under consideration was not discussed, as the point at issue was whether the circuit court erred in dismissing the writ, and the court, by a bare majority, held that error was committed and reversed

and rendered the case, the fact that the point now rais-
ed was not, in that case, considered, is strongly persua-
sive that the rule of practice is too strongly embedded
in our law to be disturbed by judicial decisions.

3.  As stated by counsel for appellee in his brief,
the office of the comon-law writ of certiorari, as this is,
was intended as a revisory remedy only for the correc-
tion of errors apparent on the record.   The functions of
the writ of certiorari at common law extended to ques-
tions of the jurisdiction of the inferior tribunal, as well
as the regularity of the proceedings.—*Dean v. State,* 63
Ala. 153; *Miller v. Jones,* 80 Ala. 93; *McCulley v. Cun-
ningham,* 96 Ala. 585, 11 South. 694.

It cannot be successfully contended that the ordi-
nance under which the appellant was convicted by the
recorder did not properly form a part of the record of
his case to be certified, as a part of the return to the
writ of certiorari.   As stated by counsel for appellee in
his brief, one of the principal functions of the common-
law writ of certiorari was to have reviewed the ques-
tion of the jurisdiction of the inferior tribunal to ren-
der the judgment complained of, and, as stated by the
Supreme Court in *Woodruff v. Stewart,* 63 Ala. 212,
"an essential element of the jurisdiction of the mayor
is a by-law or ordinance of the city, established and
promulgated prior to the commencement of the prosecu-
tion."   This proceeding is a direct attack upon the va-
lidity of the judgment of the mayor.   There are no pre-
sumptions, as in cases of collateral attack as by habeas
corpus, of its correctness, and the    ordinance    under
which the affidavit upon which this appellant was tried
forms as much a part of the record as the affidavit upon
which the warrant for his arrest issued.   To hold other-
wise would, in effect, destroy the efficacy of the writ as
a remedy for reviewing ordinances and by-laws of a

municipality. To hold that under a common-law writ the jurisdiction of a recorder to render a judgment may be adjudicated, and to deny the court of review the power to reach the ordinance under which the judgment was rendered, would be legal absurdity. Undoubtedly the circuit court had the right, by an independent writ of certiorari, to have required the municipality of Troy to certify to it a record of the ordinance in question, in order that it might intelligently pass on the validity of the judgment rendered under it, and the law will not require the aid of two writs when its purpose has been accomplished by one.—*Commissioners' Court of Lowndes County v. Hearne*, 59 Ala. 371.

Certiorari is the apppropriate remedy for reviewing the questions affecting the validity of the ordinances of a town or city.—*Town of Camden v. Bloch*, 65 Ala. 235.

We are therefore of the opinion that the trial court committed no error in treating the ordinance under which the judgment was rendered as a part of the record of this case.

4. A branch of this case was before the Supreme Court in the case of *Ex parte Hill, Adams*, 171 Ala., 54 South. 501. In that case the appellant sued out a writ of habeas corpus, alleging that his imprisonment was unlawful, and praying that he be discharged. The affidavit warrant, and judgment of the court were introduced in that case, but *not the ordinance* under which the affidavit was made, and the Supreme Court held, and properly so, that, as there was nothing tending to show any fatal irregularity in the judgment or that it was, in fact, invalid, the defendant was not entitled to his discharge. The attack, in that case, was a collateral attack, and the court presumed, as it had a right to presume, that the appellant was convicted under an ordinance, properly drawn, authorizing the judgment of

[Engelbert v. Taylor, et al.]

conviction of which he complained. In the present case, the ordinance under which the affidavit was made is before us, and the ordinance affirmatively shows that the recorder was without authority to impose upon appellant hard labor in addition to that imposed upon appellant for the payment of the fine and costs. As appellee in the circuit court remitted the fine and appellant has already evidently paid the costs, the judgment of conviction is affirmed; but his sentence to hard labor is reversed, and a judgment is here rendered discharging the defendant.

Reversed and rendered.