Ex parte SLAUGHTER, State Fire Marshal.
(6 Div. 984.)

Supreme Court of Alabama. March 29, 1928.

Rehearing Denied May 17, 1928.

1. Certiorari ⟨⊜⟩1—Certiorari at common law extends to question of jurisdiction of inferior tribunal and external validity of proceedings.

The function of writ of "certiorari" at common law extends to question of jurisdiction of inferior tribunal and external validity and regularity of proceedings, but not to its intrinsic correctness, and, where forms of law have been followed and jurisdiction appears, inquiry ends.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Certiorari.]

2. Certiorari ⟨⊜⟩27—Certiorari to review order discharging rule will be denied, where complaint conformed to statute, matter was disposed of on merits, and proceedings appear regular (Code 1923, § 4052).

Where complaint of state fire marshal was in conformity to statute conferring jurisdiction, and matter was disposed of on the merits, and proceedings appear in all things regular, certiorari will not be granted to review action of lower court in discharging rule to show cause issued under Code 1923, § 4052.

Certiorari to Circuit Court, Jefferson County.

Petition of D. M. Slaughter, as State Fire Marshal, for certiorari to Hon. John Denson, as Judge of the Circuit Court of Jefferson County. Writ denied; affirmed.

Nesbit & Sadler, of Birmingham, for appellant.

The state fire marshal has the right to summon witnesses to appear before him and testify in relation to any pertinent matter. There is no necessity for a formal hearing in the examination of witnesses; no provision for an attorney for a witness to be present; no constitutional right is thus denied. Code 1923, § 951 et seq.; Hamilton v. Smith, 51 Ala. 66; Ætna L. I. Co. v. Milward, 118 Ky. 716, 82 S. W. 364, 68 L. R. A. 285, 4 Ann. Cas. 1092.

William S. Pritchard and John D. Higgins, both of Birmingham, for appellee.

Section 4052 of the Code is unconstitutional and void. Constitution 1901, §§ 6, 7, 8, 11. The privilege of a witness not to give self-incriminating evidence is not limited merely to criminal prosecutions, but can be invoked in any type of judicial proceedings, and this right extends to hearings before the fire marshal. 28 R. C. L. 425. Upon hearing on evidence given ore tenus, the respondents found Henderson was not guilty and discharged

him. The conclusion of the trial judge should not be set aside. Halle v. Brooks, 209 Ala. 486, 96 So. 341; Pinckard v. Cassels, 195 Ala. 353, 70 So. 153; Code 1923, § 9498.

BROWN, J. Common-law certiorari to review an order of the Honorable John Denson, one of the judges of the circuit court of Jefferson county, discharging a rule to show cause, issued under section 4052 of the Code, on the complaint of the state fire marshal, against Ernest Henderson.

[1] The function of the writ of certiorari at common law extends to the question of jurisdiction of the inferior tribunal and the external validity and regularity of the proceedings, but not to its intrinsic correctness. Where the forms of law have been followed and jurisdiction appears, here the inquiry ends. Independent Pub. Co. v. Amer. Press Ass'n, 102 Ala. 475, 15 So. 947; Phillips et al. v. Holmes, 165 Ala. 250, 51 So. 625; Adams v. City of Troy, 1 Ala. App. 544, 56 So. 82; Dean v. State, 63 Ala. 153; Miller v. Jones, 80 Ala. 93; McCulley v. Cunningham, 96 Ala. 585, 11 So. 694; 5 R. C. L. 250, § 3. Ex parte Dickens, 162 Ala. 272, 50 So. 218.

[2] The complaint seems to have been made in conformity to the statute which confers jurisdiction, and the matter was disposed of on the merits, and the proceedings appear in all things regular, with the result that the order discharging the rule must be affirmed. Phillips et al. v. Holmes, supra. Ex parte Dickens, supra.

Writ denied; affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.