149 So. 700

### Ex parte TULLEY et al.

### FULTON v. McQUIRTER.

### I Div. 757.

Supreme Court of Alabama.

May 25, 1933.

Rehearing Denied Sept. 28, 1933.

D. P. Moore, of Mobile, for petitioners.

J. G. Bowen, of Mobile, opposed.

KNIGHT, Justice.

It appears from the record and proceedings in this cause that William McQuirter entered into a lease contract with W. E. Fulton, by which the former leased to the latter certain premises in the city of Mobile, Ala., for a term of fifteen months, at a monthly rental of $35, payable on the 1st of each month.

The tenant having failed to pay certain of the installments of rent, McQuirter brought several suits in the inferior court of Mobile county against the said Fulton to recover the past-due installments. There were judgments against the defendant in each of the cases, and defendant appealed from the judgments to the circuit court. In two of the cases, it appears that the petitioners now before the court were sureties on the defendant's appeal bond.

It also appears that the said Fulton instituted a suit in the circuit court of Mobile county, law side of the docket, against the said McQuirter to recover damages for certain acts done by McQuirter in breach of the lease contract, etc.

While the two suits by McQuirter against Fulton, in which the petitioners here were sureties on the appeal bonds, and the suit of Fulton v. McQuirter were pending in the circuit court, on the law side of the docket, the said McQuirter filed a motion in the court for the consolidation of the three cases upon the stated ground that the consolidation would "save confusion and much worry and delay to the court clerks and others." The court granted this motion and ordered the consolidation.

After the order of consolidation was made, it would appear from the record, the court "by consent" transferred the cases to the equity docket. Thereafter the said McQuirter filed in the circuit court, on the equity side of the docket, a bill of complaint against the said Fulton, bringing forward the lease contract, and averring the failure of the said Fulton to pay the installments of rent

due thereunder, and for the recovery of which the two designated suits had been brought, and recovery had therein in the inferior civil court of Mobile, the appeal of the cases to the circuit court by the defendant therein, and the execution of appeal bonds.

In this equity case, the complainant also sought recovery for other installments of rent that had fallen due since the commencement of the suits in which appeals had been taken, and for the recovery of certain fees for services of his attorney in handling the entire matter in the inferior court, in the chancery court, and in the Supreme Court in two cases, and also the further sum of $500 for damages to the complainant's property.

The court upon final hearing on July 29, 1932, rendered a decree adjudging that the respondent Fulton was indebted to the complainant in the sum of $388.10, which included an attorney's fee of $100, and further decreed as follows: "It is further ordered, adjudged and decreed by the court that the complainant have and recover of the respondent, W. E. Fulton, and his sureties on the appeal bond brought up from the Inferior Civil Court, T. F. Keevan and W. L. Pritchett, the sum of $100.00, in the original case No. 11639, on the law side of this court, and also the costs of the Inferior Court in said case, of $9.55, and also the costs on the law side of this court in said original case No. 11639, and their pro rata share of the costs of case No. 7776 on the equity side of this court; and it is further ordered, adjudged and decreed by the court that the complainant have and recover of the said respondent, W. E. Fulton, and his sureties on the appeal bond, T. F. Keevan, W. L. Pritchett, and A. M. Tulley, in original case No. 12381, which was brought up from the Inferior Civil Court of Mobile County, Alabama, the sum of $100.00, and also the costs of the Inferior Court in said case, of $8.10, and also recover the costs in original case No. 12381 on the law side of this court, and also the pro rata share of the costs in this case on the equity side of this court, No. 7776; for which let execution issue against the respondent W. E. Fulton, and his sureties in both cases above referred to."

Upon this judgment, executions were issued by the register against the defendant Fulton and his sureties on the two judgments set out above.

The petitioners, Tulley, Keevan, and Pritchett, applied to this court on December 31, 1932, for common-law certiorari to quash and annul the judgments entered against them, and also the executions issued thereon, upon the ground, inter alia, that they were not made parties to the equity suit and were given no notice of the same. Upon the filing of the petition with this court, a writ of certiorari was ordered to be issued, requiring the record and proceedings in the case to be certified to this court for review. We have the record now before us.

In passing upon the questions presented for review, we can only consider the external validity of the judgments against the petitioners. Mere irregularities or errors correctable by appeal cannot be considered. Nashville, C. & St. L. Ry. Co. v. Boaz et al., 226 Ala. 441, 147 So. 195.

"The function of the writ of certiorari at common law extends to the question of jurisdiction of the inferior tribunal and the external validity and regularity of the proceedings, but not to its intrinsic correctness. Where the forms of law have been followed and jurisdiction appears, here the inquiry ends. Independent Pub. Co. v. Amer. Press Ass'n, 102 Ala. 475, 15 So. 947; Phillips et al. v. Holmes, 165 Ala. 250, 51 So. 625; Adams v. City of Troy, 1 Ala. App. 544, 56 So. 82; Dean v. State, 63 Ala. 153; Miller v. Jones, 80 Ala. 93; McCulley v. Cunningham, 96 Ala. 585, 11 So. 694; 5 R. C. L. 250, § 3; Ex parte Dickens, 162 Ala. 272, 50 So. 218." Ex parte Slaughter, State Fire Marshal, 217 Ala. 515, 116 So. 684. The writ will not be employed to inquire into the correctness of the judgment rendered where the forms of the law have been followed, and where the court had jurisdiction, and was therefore competent.

Whether the defendant Fulton, by consenting for the cases to be transferred to the equity docket, and to be there determined, without regard to whether there was any equitable right involved or not, has estopped himself from asserting the invalidity of the judgment against him, we need not determine, as the question is not presented. But whether by his consent, as against his sureties, he had the right to consent to the transfer, and thereby to bind his sureties to any judgment there rendered, is quite another matter; and especially so, in view of the fact that the bill as filed did not present an equitable question or right.

The rights, liabilities, and obligations of the surety on an appeal bond are fixed by statute (Loc. Laws 1911, p. 277, § 13), and cannot be changed or enlarged by the principal, or by the court, beyond the terms of the obligation, construed and interpreted in the light of the law existing at the time of its execution.

The statutes provide for an appeal from the judgment of the inferior civil court of Mobile county to the circuit court. The terms of the bond required are also prescribed by the statute. The surety in executing the bond must be held to contemplate that the cause to which he, by signing

the bond, makes himself a quasi party, will be tried in, and by, the court to which the appeal is authorized to be taken, and according to the rules and law governing in such cases.

We may assume, but without deciding, that, if the case was one in which there might arise an equitable question or right for determination, the decision of which would dispose of the cause, and which could not be disposed of in the law side of the court, the surety might be held to contemplate such a contingency, and therefore would remain bound by his undertaking, where judgment was rendered against his principal, provided, of course, that section 6486, Code, and related sections constituting article 4, chapter 267, are broad enough to cover cases carried by appeal to the circuit court. As to this we express no opinion. Whether these provisions for the transfer of causes apply to cases appealed to the circuit court has been here doubted. Crocker v. Goldstein, 209 Ala. 172, 95 So. 873. Such question, however, is not here presented. And we must determine the case upon a different aspect.

■ The sureties obligated themselves to pay such judgment as might be rendered against their principal in the specific case in which they are sureties, and in the identical court. The surety has the right to stand on the terms of his contract, and cannot, by any arrangement between his principal and some other party, to which he was not a party, and as to which he was in ignorance, be required to stand the burden of a trial, except in the specific case and the identical court contemplated in his undertaking.

■ The law in force with reference to appeals, the trials thereof, and the courts in which the same are to be had and held was written into the bond, and as completely so, as if it had been in terms set out therein. The sureties had the right to expect that the appeals would be disposed of in the way provided by the law of the state with respect thereto. Instead of that being the case, the cases were by consent of plaintiff and defendant transferred to the equity court. In that court, an original bill was filed by the plaintiff, which included other causes of action, other and different pleadings, occasioning other and different costs, and consequently additional burdens upon the sureties in the event their principal was cast in the suit—which was the case; and the sureties were not made parties thereto, and thus were denied the opportunity to be heard. This was not a de novo trial contemplated by the bond. While quasi parties in the action, for the purpose of a trial in the particular case in which they were sureties on the appeal bond, they were in no sense parties to the chancery suit as cast.

In the case of Planters' & Miners' Bank v. Hudgins, 84 Ga. 108, 10 S. E. 501, Chief Justice Bleckley, writing for the Supreme Court of Georgia, observed: "The obligation of a security on an appeal-bond is for 'the eventual condemnation money.' Code, § 3616. He is bound 'for the judgment on the appeal.' Id., § 3621. The eventual condemnation money is that which is recovered in the indentical case in which the appeal is taken. Lockwood v. Saffold, 1 Ga. 72. The judgment for which he is bound is therefore a judgment to be rendered in that case. Without a recovery against the principal or his legal representative, there can be none against him. The opposite party cannot make a judgment in his favor obtained in another court, or in another suit, though on the same debt or demand, the measure of the liability of the security on appeal. The latter is entitled to stand upon the terms of his contract, and they obligate him to abide the judgment after its rendition in the specific case in which the appeal was entered, and not the judgment rendered in some other case. If for any cause the opposite party cannot or will not bring that case to a final hearing and disposition, so as to recover in the same some amount as condemnation money, it is his misfortune. * * * He, as we have already said, was entitled to stand upon his contract. Odell v. Wootten, 38 Ga. 224."

The foregoing expression of the Supreme Court of Georgia is in line with the decisions of this court on the right of the surety to stand upon the terms of his contract. Anderson v. Bellenger & Ralls, 87 Ala. 334, 6 So. 82, 4 L. R. A. 680, 13 Am. St. Rep. 46. While this authority did not deal with a case precisely like the one now before us, yet it shows that the surety has the right to stand on the terms of his contract.

We are at the conclusion that the judgment rendered against the petitioners is for the reasons herein set forth null and void, and did not authorize the issuance of an execution, or executions, against them. To this extent the said judgment will be and is quashed and annulled; and, of course, any executions issued thereon against these petitioners, which may now be in the hands of the sheriff of Mobile county, are also quashed and annulled.

Writ of certiorari awarded. Judgments against the petitioners are quashed and annulled as to them, and all executions issued thereon and now in the hands of the sheriff are likewise quashed as to petitioners.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.