35 So.2d 89

**SIMS et al. v. SIMS et al.**

**7 Div. 920.**

Supreme Court of Alabama.

Feb. 26, 1948.

Rehearing Denied May 13, 1948.

Motley & Motley, of Gadsden, for appellants.

Roy D. McCord and Miller & Pittman, all of Gadsden, for appellees.

LIVINGSTON, Justice.

The records in the cases designated 7 Division 920 and 7 Division 932 were consolidated, and submitted together by agreement of the parties. The questions presented arose in the administration of the estate of J. R. Sims who died testate in Etowah County, Alabama, on the 25th day of January, 1947.

The will of the said J. R. Sims, deceased, was admitted to probate on the 1st day of February, 1947, and letters testamentary granted to O'Neal Sims and Lula Sims, the executor and executrix named in the will, and who are the son and daughter of J. R. Sims, deceased.

On February 11, 1947, on the petition of certain legatees, devisees and beneficiaries under the will, the administration of the estate of J. R. Sims, deceased, was removed from the Probate Court to the Circuit Court, in Equity, of Etowah County.

The will relieved the executor and executrix from giving bond, and making reports to any court of their actions as executor and executrix. On February 21, 1947, J. W. Sims, one of the beneficiaries named in the will of J. R. Sims, deceased, petitioned the court for an order requiring the executor and executrix to give a good and sufficient bond for the faithful performance of their duties. The petition was heard on petition and answer on May 5, 1947, and the following order was made and entered by the court:

"By agreement executors file inventory and executors agree to make $10,000.00 bond, same to be approved by the court, and by agreement personal property is to be sold Friday, May 9th, 1947, at 2 o'clock P.M.

"W. M. Rayburn, Judge"

On the same day the executor and executrix made and filed a $10,000.00 bond, payable to the probate judge of Etowah County, conditioned upon the faithful performance of their duties as such executrix and executor. The bond was signed by O'Neal Sims and Lula Sims, and no one else.

On May 21, 1947, C. T. Sims and other beneficiaries under the will of J. R. Sims, deceased, filed a petition in the lower court seeking additional bond or a removal of the executor and executrix for their alleged failure to file proper inventories, and execute a good and sufficient bond. On May 29, 1947, the trial court made and entered an order sustaining a demurrer to the petition. From that order the appeal in the case designated 7 Division 920 is prosecuted.

Pending this appeal, and on June 30, 1947, this Court entered an order restraining the executor and executrix, as such, from selling or otherwise disposing of the property of the estate of J. R. Sims, deceased, pending the determination of this appeal.

Later, on the petition of some of the beneficiaries under the will of J. R. Sims, deceased, the executor and executrix were cited to appear before this Court and show cause why they should not be adjudged in contempt of court for a violation of said restraining order. On answer to the rule nisi, heard on July 31, 1947, at a special term of this Court, the executor and executrix were found not guilty of violating said restraining order.

On August 4, 1947, the executor and executrix filed an additional bond in the sum of $10,000.00 for the faithful performance of their duties as executor and executrix, and which bond was signed by them and two other heirs at law of J. R. Sims, deceased, and beneficiaries under his will. The

bond was approved by the trial court. On October 1, 1947, appellees filed a petition in this Court praying that the restraining order of June 30, 1947, be dissolved on the ground that they had filed an additional bond, approved by the lower court on August 4, 1947.

The appeal from the decree of the trial court, rendered on May 29, 1947, sustaining a demurrer to appellants' petition seeking the removal of the executor and executrix or additional bond, was submitted to this Court on October 28, 1947. At the same time appellees petitioned this Court for a writ of certiorari, and which petition is designated 7 Division 932, directing the lower court to send up the record in the case designated 7 Division 920 for a review here of the judgment on demurrer made and entered on May 29, 1947.

■■ The decree appealed from is not an appealable order or decree within the statute authorizing appeals from certain interlocutory decrees in equity cases. Section 755, Title 7, Code of 1940; McKenzie v. Jensen, 200 Ala. 191, 75 So. 939; Devane v. Smith, 216 Ala. 177, 112 So. 837; Hart v. Greet, 223 Ala. 34, 134 So. 658. Nor is it a final decree. Section 754, Title 7, Code of 1940. The appeal must be dismissed. Certiorari is not an available remedy under the circumstances presented by the consolidated records.

■■ " 'The function of the writ of certiorari at common law extends to the question of jurisdiction of the inferior tribunal and the external validity and regularity of the proceedings, but not to its intrinsic correctness. Where the forms of law have been followed and jurisdiction appears, here the inquiry ends. Independent Pub. Co. v. Amer. Press Ass'n, 102 Ala. 475, 15 So. 947; Phillips v. Holmes, 165 Ala. 250, 51 So. 625; Adams v. City of Troy, 1 Ala.App. 544, 56 So. 82; Dean v. State, 63 Ala. 153; Miller v. Jones, 80 Ala. [89] 93; McCulley v. Cunningham, 96 Ala. [583] 585, 11 So. 694; 5 R.C.L. 250, § 3; Ex parte Dickens, 162 Ala. 272, 50 So. 218.' Ex parte Slaughter, State Fire Marshal, 217 Ala. 515, 116 So. 684. The writ will not be employed to inquire into the correctness of the judgment rendered where the forms of the law have

been followed, and where the court had jurisdiction, and was therefore competent." Ex parte Tulley, 227 Ala. 277, 149 So. 700, 701. See, also, Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512. The writ must be denied.

As before stated, this Court entered an order on June 30, 1947, restraining the executor and executrix, as such, from selling or otherwise disposing of the property of the estate of J. R. Sims, deceased, pending the determination of the appeal in the case designated as 7 Div. 920. The appeal being determined against appellants, at whose insistence the restraining order was made and entered, the order should be, and is now dissolved.

Appeal dismissed, writ of certiorari denied, and the restraining order of June 30, 1947, dissolved.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.